755 P.2d 59
**Phillip CORDOVA and Cordy Cordova, his wife, Petitioners,**

v.

**John L. BROADBENT, et al.,**

v.

**ARROYO HONDO ARRIBA COMMUNITY LAND GRANT ASSOCIATION, Respondent.**

No. 17488.

Supreme Court of New Mexico.

May 25, 1988.

White, Koch, Kelly & McCarthy, Sumner S. Koch, John F. McCarthy, Jr., Santa Fe, for petitioners.

Lopez, Chavez & Graham, P.C., Santiago R. Chavez, Taos, for respondent.

## OPINION

SCARBOROUGH, Chief Justice.

Phillip Cordova and his wife, Cordy Cordova, brought suit against all possible claimants to quiet title to 126.562 acres in Taos County. The trial court quieted title in the Cordovas, and an intervening land grant organization, the Arroyo Hondo Arriba Community Land Grant Association, appealed. The Court of Appeals reversed the trial court finding standing in the association, ordered that the Cordovas petition be dismissed, and awarded costs of the appeal to the association, holding the Cordovas' had shown insufficient color of title to prove title to the land. We issued a writ of certiorari to the Court of Appeals. We reverse the Court of Appeals opinion on the standing issue and reinstate the Cordovas' quiet title decree.

Cordova argues that defendant, Arroyo Hondo Arriba Community Land Grant Association, is not a duly constituted community land grant board or committee and has no standing to assert title to the disputed land. In connection with this argument, the trial court found that the association's predecessor defendant, San Antonio Cooperative, Inc., failed to appear at the trial of this case and default was entered by the court against the cooperative. The trial court also found that the association's board of trustees had not called an election by its members or the trustees as required by law and had "not identified the persons having an interest in the lands claimed by the association who have a right to vote at an election and the treasurer had not furnished a surety bond." Whether a board is a Spanish land grant board organized under Section 49–1–1 to –21, or is incorporated under territorial authority pursuant to Section 49–2–1 to –18, the members of the board must be duly elected. NMSA 1978, §§ 49–1–5, 49–2–3 (Orig. Pamp.). And, the board must hold regular meetings. NMSA 1978, §§ 49–1–9, 49–2–7. In light of these requirements and the trial court's rulings, we are struck by the fact that the association failed to challenge in the Court of Appeals the trial court's findings and conclusions on the issue of standing. Unchallenged trial court findings and conclusions are binding on appeal. *Alfred v. Anderson*, 86 N.M. 227, 522 P.2d 79 (1974). As a consequence of such an omission, the trial court's decision that the association was a non-party was final, and the association was not entitled to an appeal. The Court of Appeals felt otherwise and in fact, reversed the trial court on the standing issue. We hold that the trial court correctly concluded that the association lacked standing as a land grant community or board to assert a claim of title to the lands at issue in this case. We now re-

verse the Court of Appeals and reinstate the ruling of the trial court on this issue.

Our ruling on the standing issue effectively disposes of this appeal. Because the Court of Appeals erred in this regard; its decision is reversed and the decision of the trial court is reinstated and affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, WALTERS and RANSOM, JJ., concur.