833 P.2d 251

Carol Lynn SOUTHARD,
Plaintiff–Appellee,

v.

William T. FOX, Defendant–Appellant.

No. 12117.

Court of Appeals of New Mexico.

April 21, 1992.

Charles P. Reynolds, Albuquerque, for plaintiff-appellee.

Peter H. Pierotti, John M. Wells, Wells & Mande, P.A., Albuquerque, for defendant-appellant.

William H. Carpenter, Carpenter and Goldberg, Michael B. Browde, Albuquerque, amicus curiae, New Mexico Trial Lawyers Ass'n.

## OPINION

APODACA, Judge.

Defendant appeals the trial court's award of prejudgment interest in connection with a jury verdict stemming from a personal injury lawsuit. Defendant raises two issues on appeal: whether the trial court erred in (1) concluding that plaintiff's damages were subject to prejudgment interest and (2) determining that defendant was not entitled to a jury trial on the issue of prejudgment interest. We hold that the prejudgment interest statute, NMSA 1978, Section 56–8–4(B) (Repl.1986), applies to all damages and, consequently, that the trial court did not err in awarding prejudgment interest on plaintiff's damages. Additionally, because we hold that interest awarded pursuant to Section 56–8–4(B) is not awarded as an element of damages, defendant was not unconstitutionally denied a jury trial. We therefore affirm the trial court's award of prejudgment interest.

## BACKGROUND

Plaintiff and defendant were involved in an automobile collision in April 1988, in which plaintiff was injured. On July 28, 1988, plaintiff filed a personal injury action against defendant for damages. Defendant answered on September 6, 1988, denying liability and demanding that the action be dismissed with prejudice. Discovery began in the fall of 1988 and continued until the fall of 1989. On September 26, 1989, defendant made his first settlement offer of $48,000. Plaintiff rejected the offer. On October 12, 1989, defendant offered $56,000, which was also rejected. On November 13, 1989, defendant admitted liability. Trial on the issue of damages began on November 20, 1989.

At trial, plaintiff presented evidence of medical expenses of more than $12,000, lost earnings of more than $5,500, and evidence of compensable injury for the nature and extent of her injuries, pain and suffering, future medical expenses, and impaired earnings capacity in the range of $284,000 to $355,000. At the close of evidence, defendant made a verbal settlement offer for $130,000.

The jury returned a verdict of $130,000 for plaintiff. Plaintiff then moved for an award of prejudgment interest. After a hearing, the trial court notified counsel that it would exercise its discretion under Section 56–8–4(B) and award plaintiff prejudgment interest at the rate of eight percent per year. In its formal findings and conclusions, the court found that defendant's offers of September 26, 1989, and October 12, 1989, were "timely but [were] not reasonable," and that defendant's offer at the close of evidence was "reasonable but was not timely." The trial court also found that plaintiff did not cause unreasonable delay in adjudicating her claims. Based on these findings, and the additional finding with respect to plaintiff's evidence on damages, the trial court concluded that an award of prejudgment interest was warranted and entered judgment. Defendant paid those portions of the judgment limited to the jury's verdict and the trial court's

award of costs, but appealed the award of prejudgment interest.

DISCUSSION

### 1. *Applicability of Prejudgment Statute to Tort Damages.*

Defendant's major argument (in support of his claim that the trial court erred in concluding that plaintiff's damages were subject to prejudgment interest) is that damages for bodily injury, pain and suffering, and prospective damages are not subject to prejudgment interest because they are not reasonably ascertainable before trial. We disagree with defendant's argument because it ignores the plain language of the statute governing the award of prejudgment interest.

■ Section 56–8–4(B) states:

The court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things:

(1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and

(2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

Where a statute is clear and unequivocal, it must be enforced as written. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977); *State v. Michael R.*, 107 N.M. 794, 765 P.2d 767 (Ct.App.1988) (where meaning of statute is plain and words are free from ambiguity, statute must be enforced as written). "The general rules of statutory construction require that words of a statute should be given their ordinary, everyday meaning, and in the absence of a clear and express legislative intention to the contrary, the language of the statute is conclusive." *State ex rel. Reynolds v. Aamodt*, 111 N.M. 4, 5, 800 P.2d 1061, 1062 (1990).

■ Defendant does not argue that the statute is ambiguous; therefore, we will apply the statute as written. On its face, Section 56–8–4(B) applies to *all actions* and is not limited to certain or specific actions, such as those based on contract or in which damages are ascertainable be-

fore trial. Additionally, the statute plainly gives the trial court discretion to award prejudgment interest after considering two specific factors: whether plaintiff was the cause of unreasonable delay and whether defendant had made a reasonable and timely offer of settlement. § 56–8–4(B); *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 108 N.M. 192, 196, 769 P.2d 726, 730 (1989). That the legislature did not intend to limit the application of Section 56–8–4(B) to only contract cases or cases involving ascertainable damages is supported by the fact that, before Section 56–8–4(B) was adopted, our law permitted the award of prejudgment interest in those types of cases. *See United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 103 N.M. 480, 709 P.2d 649 (1985). The legislature is presumed to be aware of existing law. *Bettini v. City of Las Cruces*, 82 N.M. 633, 485 P.2d 967 (1971). "Courts assume that the legislature will not enact useless statutes or amendments." *Consolidated Freightways, Inc. v. Subsequent Injury Fund*, 110 N.M. 201, 205, 793 P.2d 1354, 1358 (Ct.App.1990). If we were to accept defendant's interpretation of Section 56–8–4(B), in effect, we would render it superfluous. We decline to do so.

We note that New Mexico has never followed as narrow a rule for the award of prejudgment interest as defendant suggests. Defendant relies on *State Trust & Savings Bank v. Hermosa Land & Cattle Co.*, 30 N.M. 566, 595, 240 P. 469, 480 (1925), for the proposition that "[a]n early New Mexico Supreme Court opinion noted that damages for personal injury were 'undoubtedly unliquidated' and generally not subject to an award of prejudgment interest." We believe defendant's reliance on *State Trust* is misplaced because, in that case, our supreme court actually questioned this proposition and concluded that "the old distinction between liquidated and unliquidated damages seems to be discredited by the weight of modern decisions and texts." *Id.* at 597, 240 P. at 481. Even at the time *State Trust* was decided, our supreme court favored a flexible rule for the awarding of prejudgment interest. *Bernhard v. Rochester German Insurance Co.*,

79 Conn. 388, 65 A. 134, 138 (1906), which the *State Trust & Savings Bank* court quoted approvingly, stated:

> Courts are more and more coming to recognize that a rule forbidding an allowance for interest upon unliquidated damages is one well calculated to defeat that purpose in many cases, and that no right reason exists for drawing an arbitrary distinction between liquidated and unliquidated damages.... *The determination of whether or [not] interest is to be recognized as a proper element of damage is one to be made in view of the demands of justice rather than through the application of any arbitrary rule.*

*Id.* (emphasis added). Although the question was not directly addressed, this court nevertheless noted in *Strickland v. Roosevelt County Rural Electric Cooperative*, 99 N.M. 335, 343, 657 P.2d 1184, 1192 (Ct.App.1982), *cert. denied*, 463 U.S. 1209, 103 S.Ct. 3540, 77 L.Ed.2d 1390 (1983), that *State Trust* "suggests that as a matter of fairness the same rule should apply in tort cases if the date of the tort is ascertainable." The question is now squarely before us, and we decline to adopt the arbitrary rule limiting the application of Section 56–8–4(B) only to liquidated or ascertainable damages, as proposed by defendant. However, we recognize that in determining the "reasonableness" of settlement offers under Section 56–8–4(B), the trial court will necessarily be making a determination of whether defendant was fairly able to "ascertain" the damages.

Defendant claims the "clear majority" of jurisdictions does not allow prejudgment interest in personal injury suits, relying on *Greater Westchester Homeowners Association v. City of Los Angeles*, 26 Cal.3d 86, 160 Cal.Rptr. 733, 603 P.2d 1329 (1979), *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980); *George v. Double D Foods, Inc.*, 155 Cal.App.3d 36, 201 Cal. Rptr. 870 (1984); and Restatement (Second) of Torts Section 913(2) (1979). We are not persuaded by this argument for several reasons.

First, we believe Section 56–8–4 and case law allow prejudgment interest to be awarded in tort claims. *See State Trust & Sav. Bank v. Hermosa Land & Cattle Co.; Strickland v. Roosevelt County Rural Elec. Coop.; see also North v. Public Serv. Co. of New Mexico*, 101 N.M. 222, 231, 680 P.2d 603, 612 (Ct.App.1983) (recognized that Section 56–8–4 would give the trial court the discretion to award prejudgment interest on trespass claims). Second, the California statute on which the above-noted cases relied is very different from Section 56–8–4(B). The California statute states that " '[i]n an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury.' " *Greater Westchester Homeowners Ass'n v. City of Los Angeles*, 160 Cal.Rptr. at 741, 603 P.2d at 1337. The California Supreme Court noted that this statute "permits discretionary prejudgment interest for unliquidated tort claims." *Id.* However, California follows the rule that prejudgment interest is " 'awarded to compensate a party for the loss of his or her *property.*' " *Id.* (emphasis in original). Thus, the California Supreme Court limited the award of prejudgment interest to situations where the date of loss was ascertainable, *id.*, and disallowed prejudgment interest on damages for "the intangible, noneconomic aspects of mental and emotional injury." *Id.* at 1338. Section 56–8–4(B), on the other hand, indicates that its purpose is to foster settlements and prevent delays, not to compensate a plaintiff for the loss of his or her property. In light of the different purposes of the statute at issue in *Greater Westchester* and Section 56–8–4(B), we see no reason to follow the California rule.

With respect to defendant's argument that, because the exact amount of damages was not fixed until judgment, the damages were not ascertainable, our supreme court has rejected that argument. *See United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 103 N.M. 480, 488, 709 P.2d 649, 657 (1985).

We thus conclude that Section 56–8–4(B) permits the award of prejudgment interest on all damages awarded in a personal injury action, including those for nonpecuniary losses.

### 2. *Whether Trial Court Abused Its Discretion.*

Defendant next argues that the trial court had discretion to award prejudgment interest only on those damages that were "reasonably ascertainable" before trial. In this appeal, those damages would include only plaintiff's medical expenses and lost earnings. Defendant thus reasons that the award of prejudgment interest on the total judgment was an abuse of discretion.

"An abuse of discretion ... will only be found when the district court's decision is contrary to logic and reason." *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 108 N.M. at 196, 769 P.2d at 730. In that case, our supreme court upheld the trial court's award of prejudgment interest pursuant to Section 56–8–4(B), even though the contract did not include a provision allowing for interest.

Defendant contends that *United Nuclear Corp. v. Allendale Mutual Insurance Co.* describes a hierarchy of damages subject to prejudgment interest. That case stated that, "[w]here the amount in question is fixed or liquidated, prejudgment interest should be awarded as a matter of right. Where the amount is ascertainable, prejudgment interest may be awarded at the judge's discretion." *Id.* 103 N.M. at 488, 709 P.2d at 657 (citations omitted). From this quoted statement, defendant concludes that, when the amount is neither liquidated nor ascertainable, prejudgment interest cannot be awarded at all and it is an abuse of discretion for the trial judge to do so. We disagree.

First, we note that *United Nuclear* involved the application of Section 56–8–3(A), which specifically applies to contracts. The award in this appeal involved Section 56–8–4(B), which is general in scope and thus not limited in its applicability. Second, the prejudgment interest awarded in *United Nuclear* was intended as compensation for damages flowing from a breach of contract. Therefore, it was an element of the damage award. On the other hand, Section 56–8–4, as defendant acknowledges, has the different purposes of fostering settlement and preventing delay. *See* Diane M. Allen, Annotation, *Validity and Construction of State Statute or Rule Allowing or Changing Rate of Prejudgment Interest in Tort Actions*, 40 A.L.R. 4th 147 (1985). Consequently, we conclude that the holding of *United Nuclear* does not prevent a trial judge from awarding prejudgment interest in a tort case under Section 56–8–4(B).

Defendant finally argues under this issue that *plaintiff* never made a reasonable settlement offer in this case and that this failure foreclosed the possibility of defendant's making a reasonable settlement offer. However, defendant has not demonstrated that plaintiff's rejection of his settlement offers prevented defendant from making other offers, or that plaintiff otherwise delayed prosecution of her claim. Under circumstances such as are present in this appeal, Section 56–8–4(B) does not require the trial court to consider whether plaintiff made timely and reasonable settlement offers; rather, the trial court is directed to consider whether defendant has done so. In this appeal, the trial court specifically found that defendant's offers of September 26, 1989, and October 12, 1989, were "timely but [were] not reasonable" and that the offer at the close of evidence was "reasonable but was not timely." The trial court also found that plaintiff "did not cause unreasonable delay in adjudicating her claims." Defendant did not dispute these findings. Findings not attacked on appeal are accepted by the appellate court as the basis for decision. *Cordova v. Broadbent*, 107 N.M. 215, 755 P.2d 59 (1988). Additionally, we note that the trial court did not award the maximum amount of interest permitted under the statute. *See* § 56–8–4(B). For these reasons, we conclude that the trial court properly considered the factors required by the statute in making its award of prejudgment interest and thus did not abuse its discretion in allowing the award.

### 3. *Denial of Right to Jury Trial.*

Defendant argues that Section 56–8–4(B) denies his right to jury trial under New Mexico Constitution Article II, Section 12.

We hold that defendant's right to jury trial was not violated.

Article II, Section 12 " 'continues the right to jury trial in that class of cases in which it existed either at *common law or by statute at the time* of the adoption of the Constitution.' " *State ex rel. Human Servs. Dep't v. Aguirre,* 110 N.M. 528, 529, 797 P.2d 317, 318 (Ct.App.1990) (emphasis in original) (quoting *State ex rel. Bliss v. Greenwood,* 63 N.M. 156, 161, 315 P.2d 223, 226 (1957)). Thus, to determine if defendant was entitled to have the jury determine whether plaintiff should receive prejudgment interest pursuant to Section 56–8–4(B), we must determine whether this was a class of case entitled to trial by jury at the time the Constitution was adopted.

Defendant relies on *Mogollon Gold & Copper Co. v. Stout,* 14 N.M. 245, 91 P. 724 (1907), and *Lewis v. Baca,* 5 N.M. 289, 21 P. 343 (1889), to argue that the award of prejudgment interest under Section 56–8–4(B) must be determined by a jury because it is a form of damages and factual determinations are required. Alternatively, defendant cites *DePalma v. Weinman,* 15 N.M. 68, 103 P. 782 (1909), for the proposition that, when the Constitution was adopted, at common law the award of prejudgment interest as an element of damages was in the discretion of the jury. Both of these arguments suffer the same flaw, which is that prejudgment interest awarded under Section 56–8–4(B) is not awarded as an element of damages. Damages are intended to compensate a plaintiff for losses associated with his or her injury. *See* SCRA 1986, 13–1802 (Repl.1991). Section 56–8–4(B) is intended to promote settlements and prevent delay. Thus, we conclude that prejudgment interest awarded under Section 56–8–4(B) is not damages that must be determined by the jury and that the legislature could properly entrust such determinations to the trial court.

### 4. *Motion to Strike.*

In his reply brief, defendant requests that we strike portions of plaintiff's answer brief pursuant to SCRA 1986, 12–312(D). We agree with defendant that plaintiff's statement of facts is overly detailed and lacks appropriate citation to the record. However, we did not consider the additional material to which defendant objects, and it did not affect either our analysis or disposition. Defendant's request is therefore denied.

### CONCLUSION

We hold that Section 56–8–4(B) permits the trial court to award prejudgment interest on judgments for tort actions, including those amounts for nonpecuniary and unliquidated losses, and that the trial court did not abuse its discretion. We also hold that the award of prejudgment interest did not violate defendant's constitutional right to a jury trial. Defendant's motion for oral argument is denied. We affirm the trial court's order awarding prejudgment interest to plaintiff.

IT IS SO ORDERED.

PICKARD and FLORES, JJ., concur.