**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARTLEY ILES; OLLIVE ILES,

      Plaintiffs - Appellees and
      Cross-Appellants,

vs.

AUTOZONE STORES INC., a Nevada
Corporation,

      Defendant - Appellant and
      Cross-Appellee.

Nos. 00-2006 and 00-2011
(D.C. No. CIV-98-671-RLP)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, and **KELLY**, Circuit Judges, **LUNGSTRUM**,[**]
District Judge.

Defendant-Appellant AutoZone Stores appeals from judgment on a jury

verdict in this personal injury diversity action brought by Plaintiffs-Appellees

Bartley and Ollive Iles. The case was tried before a magistrate judge and the jury

determined that total damages were $253,500, allocating 99 percent of fault to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable John W. Lungstrum, United States District Court for the
District of Kansas, sitting by designation.

AutoZone.[1] The Iles cross-appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm in part and reverse in part.

## Background

As the parties are familiar with the facts, we will only outline them briefly here. On February 15, 1996, Bartley Iles paid a visit to the Farmington, New Mexico, AutoZone store. As he turned away from the customer service counter after asking a question, he stepped on an empty display tray sitting on a cart with wheels that Autozone customarily used for product displays. Mr. Iles slipped and fell to the floor, sustaining a tear of the rotator cuff of his right shoulder. After surgery, Mr. Iles has a 23 percent impairment of his right, upper extremity, and a 14 percent impairment to his person as a whole. III Aplt. App. at 593. At the time of the accident, Mr. Iles was 62 years old and working part-time as a plumber in his own plumbing business. Id. at 682-83, 694. As a result of the accident, Mr. Iles is no longer able to work as a plumber. Id. at 595. In June 1998, Mr. Iles and his wife, Ollive, filed their complaint. Mr. Iles sought

---

[1] After reducing the damages award by the 1 percent comparative fault due to Mr. Iles, the court awarded the Ileses a total of $250,965.00. I Aplt. App. at 27. AutoZone later filed a Motion for Order for Offset and Amended Judgment, Id. at 34, which the court granted in part, further reducing the Ileses' award by $7,726.36, the amount the court determined Autozone had paid for Mr. Iles' medical bills. Id. at 229. The court then entered an Amended Judgment awarding the Ileses damages in the amount of $243,238.64. Id. at 224.

compensatory damages, while Mrs. Iles claimed damages for loss of household services.   I Aplt. App. at 4.

On appeal, Autozone argues that (1) the jury's verdict is not supported by substantial evidence, (2) the trial court erred in excluding evidence of disability and medical payments made to Plaintiffs based on the collateral source rule, (3) the trial court erred in denying its post-trial motion for judgment n.o.v., new trial or remittitur, (4) the trial court erred in offsetting only $7,726.36, rather than the entire $12,726.36 in medical payments made by Autozone's insurer to Plaintiffs, and (5) the trial court abused its discretion in awarding $2,885 in attorney fees against AutoZone as a discovery sanction.  Aplt. Br. at 2.

The Ileses cross-appeal, arguing that the trial court erred in (1) not awarding prejudgment interest, (2) not awarding additional discovery sanctions for Autozone's discovery abuses, and (3) not allowing a separate trial on punitive damages.  Aplee. Br. at 3.

## Discussion

### A.  AutoZone's Appeal

#### 1.  AutoZone's Motion for Judgment NOV, New Trial, or Remittitur

We turn first to Autozone's first three arguments on appeal.  AutoZone treats these as three separate arguments.  However, after reading AutoZone's

- 3 -

brief, these three issues primarily concern AutoZone's post-trial motion based on the sufficiency of the evidence and the trial court's exclusion of evidence that AutoZone made medical payments to Mr. Iles in the amount of $12,726.36. See I Aplt. App. at 38. AutoZone moved for judgment as a matter of law at the close of all the evidence, which the district court denied. III Aplt. App. at 757-58. Post-trial, AutoZone timely filed a motion for judgment n.o.v., new trial, or remittitur, I Aplt. App. at 38, which the court also denied. Id. at 232; III Aplt. App. at 853-55, 864-65.

In a diversity action, federal law governs the decision whether a judgment n.o.v., new trial, or remittitur should be granted. Blanke v. Alexander, 152 F.3d 1224, 1235-36 (10th Cir. 1998); Pegasus Helicopters, Inc. v. United Technologies Corp., 35 F.3d 507, 510 (10th Cir. 1994). We review the district court's denial of a Rule 50(b) motion for judgment as a matter of law de novo. Tyler v. RE/MAX Mountain States, Inc., 232 F.3d 808, 812 (10th Cir. 2000). We review all the evidence in the record and construe that evidence in the light most favorable to the nonmoving party. Id. However, "[t]he jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1227 (10th Cir.) (internal

- 4 -

quotations and citation omitted), cert. granted in part, 121 S. Ct. 425 (2000). Judgment as a matter of law is only appropriate "if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." Tyler, 232 F.3d at 812 (internal quotations and citation omitted).

Autozone falls well short of this standard. We agree with the trial judge that "there was a ton of evidence . . . submitted during this trial on [AutoZone's] negligence." III Aplt. App. at 853. For example, employees of Autozone who witnessed the accident testified that the empty product display tray Mr. Iles slipped on was "slippery, just like glass," II Aplt. App. at 394, "a dangerous situation . . . sitting right there where somebody can have an accident," id. at 407, a "hazardous condition," id. at 464, "like ice," III Aplt. App. at 625, and that there was a "safer way" to restock the product floor. II Aplt. App. at 461; see also III Aplt. App. at 580. Employees testified that it was not Autozone's normal procedure to leave display trays empty and unattended on the store floor. II Aplt. App. at 398-99; III Aplt. App. at 556-57, 576. The jury also heard testimony that the empty product display was not an "open and obvious" danger, II Aplt. App. at 405-06, that there was nothing Mr. Iles could do to avoid the accident, id. at 415, and that no AutoZone employee warned Mr. Iles of the potential hazard. Id. at 406, 465; III Aplt. App. at 622. Expert medical testimony established that the

fall was the cause of Mr. Iles' injury, III Aplt. App. at 584, that Mr. Iles is permanently impaired as a result of the fall, id. at 593, and that he can no longer work as a plumber. Id. at 595. Given the wealth of evidence the jury heard regarding Autozone's negligence and the fact that credibility determinations lie exclusively within the jury's province, we hold that the district court did not err in denying AutoZone's motion for judgment n.o.v.

AutoZone moved for a new trial contending that the jury's verdict is contrary to the weight of the evidence, and that there was error in exclusion of evidence. We review denial of a motion for a new trial for abuse of discretion. Sanjuan v. IBP, Inc., 160 F.3d 1291, 1296 (10th Cir. 1998). As discussed above, there was a wealth of evidence presented to the jury on AutoZone's negligence, meaning the district court was well within its discretion denying a new trial based on sufficiency of the evidence.

As for the exclusion of evidence, AutoZone contends that the trial court improperly excluded evidence of medical and disability payments received by the Plaintiffs from AutoZone's insurer based on the collateral source rule. Aplt. Br. at 25. Although we find it debatable as to whether AutoZone properly preserved this issue for appellate review by making the required offer of proof, see Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1406-07 (10th Cir. 1991); Fed. R. Evid. 103(a)(2), we subject the exclusion of the medical and disability payments

to harmless error analysis. Generally, the denial of a motion for a new trial for alleged evidentiary errors is reviewed for an abuse of discretion. Sanjuan, 160 F.3d at 1296. "If error is found in the admission of evidence, we will set aside a jury verdict only if the error prejudicially affects a substantial right of a party." Id.; see also Fed. R. Evid. 103(a). However, because the collateral source rule is a substantive state rule of evidence, the trial court's determination of state law is reviewed de novo. Blanke, 152 F.3d at 1228, 1231.

We do not need to reach this issue of state law because we find that even if the trial court erred in excluding the evidence of medical and disability payments, the error was harmless. "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties, and the burden of demonstrating that substantial rights were affected rests with the party asserting error." United States v. Mitchell, 113 F.3d 1528, 1532 (10th Cir. 1997) (internal quotations and citation omitted). As AutoZone fails to demonstrate that its substantial rights were affected, we hold that any error in the exclusion of the evidence was harmless.

The last issue we must address is AutoZone's contention that the jury award is so excessive that AutoZone should either be granted a new trial on damages or remittitur. Under federal law, we review the trial court's refusal to grant a new trial or remittitur based on an excessive damage award for an abuse

of discretion.  Blanke , 152 F.3d at 1236.  Defendants "bear the heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence."  Id. (internal quotations and citation omitted). "[A]bsent an award so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate."  Id. (internal quotations and citation omitted). We also note that "general damages for pain and suffering . . . are not susceptible to proof by a set dollar amount."  Id. at 1237.

AutoZone has failed to prove that the verdict was "clearly, decidedly, or overwhelmingly against the weight of the evidence."  Although we agree with the trial judge that the amount of the verdict was large given the nature of the injury, we also agree that it was not enough to "shock the judicial conscience."  See III Aplt. App. at 853-54.  As the trial judge stated, "if you add up medical expenses, lost wages, lost earning capacity, all of which evidence was presented, as well as something for pain and suffering, . . . this verdict was [not] excessive."  Id. at 854. Although AutoZone also argues that Mr. Iles failed to mitigate his damages, Aplt. Br. at 24, we disagree.  Mr. Iles testified that he applied to over forty different employers but could not find a job. III Aplt. App.    at 707-09.  The trial judge did not abuse his discretion in denying a new trial or remittitur based on an

excessive damage award.

2. <u>Offsetting the Damages Award Post-Trial</u>

AutoZone moved the trial court for an amended judgment on the grounds that it was entitled to an offset for medical payments AutoZone's insurer made to Mr. Iles in the amount of $12,726.36. I Aplt. App. at 34. After hearing oral argument on the issue at a post-trial hearing, III Aplt. App. at 848-53, the trial judge determined that AutoZone had reimbursed its insurance company for $5,000 more than was required under the policy and, therefore, under the collateral source rule, AutoZone was only due an offset in the amount of $7,726.36. I Aplt. App. at 229. On appeal, AutoZone argues that the judgment should have been offset by the full $12,726.36. We agree.

Because the collateral source rule is a substantive state rule, we review the trial court's determination de novo. <u>Blanke</u>, 152 F.3d at 1228, 1231. The collateral source rule in New Mexico "is designed to preclude an alleged tort-feaser from setting up in mitigation or reduction of damages that the plaintiff has been compensated by insurance in whole or in part, <u>where such insurance was not procured by the alleged wrongdoer</u>." <u>Yardman v. San Juan Downs, Inc.</u>, 906 P.2d 742, 753 (N.M. Ct. App. 1995) (emphasis added); <u>see also</u> <u>Jojola v. Baldridge Lumber Co.</u>, 635 P.2d 316, 320 (N.M. Ct. App. 1981). No one contests that AutoZone procured the insurance at issue in this case and paid all

the premiums for it.  See Yardman , 906 P.2d at 753.  On appeal, the Ileses argue that AutoZone should not be allowed to offset the additional $5,000 because that was paid to Mr. Iles under a medical pay provision that constitutes first-party, no-fault insurance coverage.  See I Aplt. App. at 134, 137.  However, New Mexico law does not support this distinction.  See Miera v. Dairyland Ins. Co. , 143 F.3d 1337, 1341-42 (10th Cir. 1998) (holding that in New Mexico, an insurer may offset from payment under an uninsured motorist coverage policy amounts paid under  medical payment coverage).  Because AutoZone procured the insurance that paid Mr. Iles the $5,000 at issue, AutoZone should be allowed to offset the $5,000 against the damages award.

### 3. Discovery Sanctions

AutoZone appeals the trial court's award of $2,885 in discovery sanctions. Aplt. Br. at 35.  The Ileses cross-appeal, arguing that AutoZone's discovery abuses were so "legion" that additional sanctions should have been awarded. Aplee. Br. at 31.  We review the trial court's imposition of discovery sanctions for an abuse of discretion, considering the totality of the circumstances. Knowlton, v. Teltrust Phones, Inc. , 189 F.3d 1177, 1182 (10th Cir. 1999).  In this case, the trial court found that "[i]t is undisputed that the defendant did not timely produce documents previously requested and that the manner of producing these documents was dilatory and, in fact, many of the documents requested and

ordered by the Court to be produced were not produced." I Aplt. App. at 236.

The trial court awarded "the attorney's fees and costs necessitated because of defendant's failure to produce documents." Id.; see also Fed. R. Civ. P. 37(b). Under the circumstances of this case, we hold that the trial court did not abuse its discretion in awarding $2,885 as discovery sanctions.

## B. The Ileses' Remaining Claims on Cross-Appeal

The Ileses have two remaining claims on cross-appeal: that the trial court erred in not awarding them prejudgment interest, and that the trial court erred in not allowing them to proceed with a separate trial on punitive damages. We address each claim in turn.

The Ileses filed a motion for prejudgment interest, I Aplt. App. at 30, which the trial court denied. Id. at 227. While we generally review the district court's denial of prejudgment interest for an abuse of discretion, interest questions in diversity cases are determined by state law and we review any statutory interpretation or underlying legal analysis de novo. Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1156 (10th Cir. 2000).

N.M. Stat. Ann. § 56-8-4(B) provides that "[t]he court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the

defendant had previously made a reasonable and timely offer of settlement to the plaintiff." The purpose of the statute is to foster settlement and prevent delay. Sunwest Bank of Albuquerque, N.A. v. Colucci, 872 P.2d 346, 351 (N.M. 1994). Stated another way, "prejudgment interest is an award to discourage recalcitrance and unwarranted delays in cases which should be more speedily resolved; an award to ensure that just compensation to the tort victim is not eroded by the dilatory tactics of the tortfeasor." Weidler v. Big J Enter., Inc., 953 P.2d 1089, 1102-03 (N.M. Ct. App. 1997). The statute applies to all actions, including personal injury actions where damages are not ascertainable before trial. Southard v. Fox, 833 P.2d 251, 253 (N.M. Ct. App. 1992). In New Mexico, only where the trial court's decision is contrary to logic and reason will an appellate court find an abuse of discretion. Id. at 255.

At the post-trial hearing on the Ileses' motion of prejudgment interest, the trial court found that the plaintiffs were not the cause of any delay and that the Defendant's settlement offer of $65,000 was not unreasonable given the timing of the offer and Mr. Iles' relatively low medical expenses. III Aplt. App. at 847-48. Because the trial court is in the best position to evaluate the progress of the case and the conduct of the parties regarding the non-exclusive factors contained in § 56-8-4(B), we defer to the district court's exercise of discretion.

The Ileses' final claim on cross-appeal is that the district court erred in not

allowing them to proceed with a separate trial on punitive damages. At the close of trial, the Ileses made an oral motion to amend their complaint to add a punitive damages claim under Fed. R. Civ. P. 15(b), III Aplt. App. at 746, 749, which the district court denied. Id. at 753-54. Post-trial, the Ileses renewed this request in a written motion, I Aplt. App. at 50, which the district court also denied. Id. at 235.

We review the district court's denial of a Rule 15(b) motion for an abuse of discretion. Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1307, 1309 (10th Cir. 1998). In this case, the district court found that no evidence in the trial "would get [AutoZone] close to the recklessness standard" required by New Mexico law for punitive damages, III Aplt. App. at 866; see also Gonzales v. Surgidev Corp., 899 P.2d 576, 588 (N.M. 1995), and that AutoZone's discovery violations did not "have a material effect on any potential claim for punitive damages." I Aplt. App. at 235. We also note that nothing in the record indicates that the issue of punitive damages was tried with AutoZone's "express or implied consent" as Rule 15(b) requires. See Fed. R. Civ. P. 15(b); Gold, 159 F.3d at 1309. Therefore, we hold that the district court did not abuse its discretion in denying the Ileses' request for a new trial on punitive damages.

AFFIRMED in part, REVERSED in part, and REMANDED with directions

for the trial court to offset the final damage award consistent with this opinion.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge