# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2021-NMCA-022

Filing Date: March 1, 2021

No. A-1-CA-37786

**ARSENIO CORDOVA,**

Plaintiff-Appellee,

v.

**JILL CLINE, LORETTA DELONG, JEANELLE LIVINGSTON, CATHERINE COLLINS, ROSE MARTINEZ, ESTHER WINTER, ELIZABETH TRUJILLO, and Jane Does 1 through 10,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Abigail Aragon, District Judge**

Released for Publication July 20, 2021.

Alan Maestas Law Office, P.C.
Alan H. Maestas
Kathryn J. Hardy
Taos, NM

for Appellee

Steven K. Sanders & Associates, L.L.C.
Steven K. Sanders
Albuquerque, NM

for Appellants DeLong, Livingston, Collins, Martinez, Winter, and Trujillo

Armstrong & Armstrong P.C.
Julia Lacy Armstrong
Taos, NM

for Appellant Cline

**OPINION**

**B. ZAMORA, Judge.**

**{1}** Defendants[1] appeal the district court's orders denying, in part, their request for attorney fees. Specifically, Defendants challenge the district court's orders denying Defendants' request for attorney fees incurred while this case was previously on appeal. We reverse the district court's orders denying attorney fees for Defendants' appellate work and remand with instructions that it award attorney fees in accordance with this opinion. We otherwise affirm.

**BACKGROUND**

**{2}** At the crux of this case is the interpretation of the provision authorizing an award of attorney fees in NMSA 1978, Section 38-2-9.1 (2001), otherwise known as the Anti-SLAPP statute.[2] The Legislature adopted the Anti-SLAPP statute to ensure citizens have the right "to participate in quasi-judicial proceedings" before state governmental tribunals without fear of an "abuse of the legal process" or undue "financial burden[s] on those having to respond to and defend such [baseless] lawsuits." NMSA 1978, § 38-2-9.2 (2001) (stating the purpose of the Anti-SLAPP statute).

**{3}** In September 2009, Plaintiff filed a complaint alleging that when Defendants signed a petition and actively supported Plaintiff's recall from the Taos School Board, such acts constituted malicious abuse of process, civil conspiracy, and prima facie tort. In response, Defendants followed the procedural mechanisms set forth in the Anti-SLAPP statute and filed "special motion[s] to dismiss" alleging that Plaintiff's complaint infringed on Defendants' First Amendment right to petition under the *Noerr-Pennington* doctrine.[3] *See* § 38-2-9.1(A) (stating, "[a]ny action seeking money damages against a person for conduct or speech undertaken or made in connection with a public hearing . . . before a tribunal . . . is subject to a *special motion to dismiss* . . . that shall be considered by the court on a priority or expedited basis" (emphasis added)). The district court granted Defendants' special motions to dismiss finding Defendants' support of Plaintiff's recall from the Taos School Board invoked "the substantive protection of the First Amendment and the procedural and remedial provisions" of the Anti-SLAPP statute. Under the Anti-SLAPP statute, Plaintiff appealed the district court's order granting the special motions to dismiss. *See* § 38-2-9.1(C) (stating that "[a]ny party shall have the right to an expedited appeal from a trial court order on the special motion [to dismiss]"). Our Supreme Court upheld the dismissal in a final appeal and remanded the case to the district court stating, "Pursuant to Section 38-2-9.1(B) [of the

---

1Jill Cline, Loretta Delong, Jeanelle Livingston, Catherine Collins, Rose Martinez, Esther Winter, Elizabeth Trujillo, and Jane Does 1-10.

2The Anti-SLAPP statute is New Mexico's law "prohibiting strategic litigation against public participation." *Cordova v.* Cline, 2017-NMSC-020, ¶ 1, 396 P.3d 159.

3"The *Noerr-Pennington* doctrine is a body of federal law that provides First Amendment protections for citizens who petition the government" and "[u]nder the *Noerr-Pennington* doctrine, those who engage in conduct aimed at influencing the government, including litigation, are shielded from retaliation provided their conduct is not a sham." *Cordova*, 2017-NMSC-020, ¶ 24.

Anti-SLAPP statute], [the defendants] are statutorily entitled to an award of attorney fees." *Cordova*, 2017-NMSC-020, ¶¶ 2-3, 42.

**{4}** On remand, Defendants filed applications requesting attorney fees, including a request for fees incurred by Defendants on appeal. The district court granted attorney fees only for work completed while the case was pending in the district court, plus postjudgment interest "at the statutory rate of 8.75 [percent]." The district court denied Defendants' request for attorney fees for the work done on appeal and denied Defendants' request for an award of prejudgment interest with respect to the awarded attorney fees. Defendants appeal.

**DISCUSSION**

**{5}** Defendants argue: (1) they are entitled to attorney fees under the Anti-SLAPP statute for appellate work in defending their special motions to dismiss, (2) attorney fees are an element of damages, and (3) the district court erred in denying Defendants request for prejudgment interest and awarding postjudgment interest at the statutory rate of 8.75 percent, rather than Defendants' requested 15 percent rate. We address each argument in turn.

**I.      Attorney Fees Apply to Appellate Work, Pursuant to the Anti-SLAPP Statute**

**{6}** Defendants argue that Section 38-2-9.1(B), which authorizes an award of attorney fees under the Anti-SLAPP statute, applies to fees incurred while their case was on appeal. In contrast, Plaintiff contends that applying the rules of statutory construction "it['s] clear that the [L]egislature meant to award attorney[] fees for the underlying motion to dismiss, and not the interlocutory appeal, or any other appeal, taken pursuant to, or in response to, said motion to dismiss."[4] We agree with Defendants.

**{7}** The "[i]nterpretation of a statute is an issue of law which we review de novo." *Badilla v. Wal-Mart Stores E., Inc.*, 2017-NMCA-021, ¶ 8, 389 P. 3d 1050 (internal quotation marks and citation omitted). In interpreting statutes, our primary goal is to discern the intent of the Legislature. *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120. If the statute is clear or unambiguous, we interpret it according to its plain language and refrain from further statutory interpretation. *Starko, Inc. v. N.M. Human Servs. Dep't*, 2014-NMSC-033, ¶ 46, 333 P.3d 947 (Vigil, C.J., dissenting); *see Whitely v. N.M. State Pers. Bd.*, 1993-NMSC-019, ¶ 5, 115 N.M. 308, 850 P.2d 1011 (recognizing that "the plain language of the statute [is] the primary indicator of legislative intent"). However, if "adherence to the literal use of the words would lead to injustice,

---

[4]Plaintiff cites to *Paz v. Tijerina*, 2007-NMCA-109, ¶¶ 9-12, 142 N.M. 391, 165 P.3d 1167, arguing that because our Supreme Court "did not mandate or award attorney[] fees for any of the appeals," Defendants are not entitled to reasonable attorney fees for their work on appeal. However, in *Paz* this Court declined to award attorney fees because the plaintiff did not direct us to any statute specifically authorizing the award. *Id*. Here, the opposite is true. Section 38-2-9.1(B) explicitly authorizes an award of attorney fees. Hence, Plaintiff's argument is unpersuasive.

absurdity or contradiction, we will reject the plain meaning in favor of an interpretation driven by the statute's obvious spirit or reason." *State v. Trujillo*, 2009-NMSC-012, ¶ 21, 146 N.M. 14, 206 P.3d 125 (internal quotation marks and citations omitted).

**{8}** We begin by interpreting Section 38-2-9.1(B) of the Anti-SLAPP statute in accordance with its plain language to determine whether the district court erred in denying Defendants' request for the attorney fees they incurred while this case was on appeal. The Anti-SLAPP statute provides, "[a]ny action seeking money damages against a person for conduct or speech undertaken or made in connection with a public hearing . . . is subject to a special motion to dismiss[.]" Section 38-2-9.1(A). The plain language of Section 38-2-9.1(B) states, "if a court grants a motion to dismiss . . . filed within ninety days of the filing of the moving party's answer, the court *shall* award reasonable attorney fees and costs incurred by the moving party in *defending the action*." (Emphasis added.) First, we note the word "shall" is mandatory, and requires the district court to award attorney fees if the defendant is successful in defending the action. *See Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 22, 146 N.M. 24, 206 P.3d 135 ("It is widely accepted that when construing statutes, 'shall' indicates that the provision is mandatory, and we must assume that the Legislature intended the provision to be mandatory absent [a] clear indication to the contrary."). Next, we interpret the phrase "defending the action" in Section 38-2-9.1(B). An "action" is "any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree." *Action*, *Black's Law Dictionary* (11th ed. 2019) (internal quotation marks and citation omitted). Importantly, our case law also provides that "[a]n action is to be regarded as pending from the time of its commencement until its final termination." *Baldonado v. Navajo Freight Lines, Inc.*, 1977-NMCA-008, ¶ 10, 90 N.M. 284, 562 P.2d 1138 (internal quotation marks and citation omitted), *rev'd on other grounds*, 1977-NMSC-025, ¶ 14, 90 N.M. 264, 562 P.2d 497. We construe the words "defending the action" under Section 38-2-9.1(B) of the Anti-SLAPP statute as encompassing all work related to defense of any of the various special motions permitted by the statute. *See* § 38-2-9-1(A) (listing the special motions as a "motion to dismiss, motion for judgment on the pleadings, or [a] motion for summary judgment"). For purposes of the Anti-SLAPP statute, we do not see any distinction between defending the action at the district court and defending the same action on appeal. The "action" in Section 38-2-9.1(B), as indicated by the plain language, includes a special motion to dismiss, like the motions filed in this case, which a party can defend throughout the appellate process via an expedited appeal. *See Whitely*, 1993-NMSC-019, ¶ 5 (reaffirming that the plain language of a statute is the primary indicator of legislative intent).

**{9}** Additionally, Plaintiff contends that the Legislature "excluded the award of attorney[] fees" on appeal because attorney fees are not mentioned in Section 38-2-9.1(C), which provides parties with a right to an expedited appeal. We decline to read such an express limitation. The Legislature "knows how to include language in a statute if it so desires[,]" *Chatterjee v. King*, 2011-NMCA-012, ¶ 15, 149 N.M. 625, 253 P.3d 915, and could have incorporated limiting language in Section 38-2-9.1(A)-(C), had it chosen to. *See Giddings v. SRT-Mountain Vista, LLC*, 2019-NMCA-025, ¶ 21, 458 P.3d

596 (acknowledging that if the Legislature intended to limit the language present in a statute it would have included limiting language to that effect). Our decision aligns with other cases where our Supreme Court interpreted provisions in statutes as including attorney fees for appellate work, despite the absence of explicit statutory language providing for the award of such fees. *See, e.g.*, *Superior Concrete Pumping, Inc. v. David Montoya Contsr., Inc.*, 1989-NMSC-023, ¶¶ 15-16, 108 N.M. 401, 773 P.3d 346 (awarding attorney fees for appellate work under NMSA 1978, Section 36-2-39 (1975, Repl. Pamp.1984), recompiled as NMSA 1978, Section 39-2-2.1 (1975)); *Hale v. Basin Motor Co.*, 1990-NMSC-068, ¶ 27, 110 N.M. 314, 795 P.2d 1006 (awarding attorney fees for appellate work under NMSA 1978, Section 57-12-10(C) (1987, amended 2005) of the Unfair Trade Practices Act, despite the Act not explicitly mentioning attorney fees for appellate work). We hold that the plain language of the Anti-SLAPP statute requires attorney fees to be awarded to a defendant who prevails on any of the special motions provided by the statute, and further hold that such an award applies to all stages of litigation reasonably related to the defense of the action, whether at the trial level, or on appeal.

**{10}** We briefly address the district court's basis for denying Defendants' request for an award of the attorney fees incurred while this case was previously on appeal. The district court cited to Rule 12-403 NMRA and reasoned that "[a]ssessment of costs on appeal is for the appellate court, and not for the trial court." Rule 12-403(A) provides "[*u*]*nless otherwise provided by law*, the appellate court may, in its discretion, award costs to the prevailing party on request." (Emphasis added.) In contrast to other actions brought pursuant to other statutory schemes, wherein an award of attorney fees is not "provided by law," *id.*, or where an award of attorney fees is left to the discretion of the appellate court, the specific use of the word "shall" in Section 38-2-9.1(B) of the Anti-SLAPP statute is a clear indication the Legislature intended the award of attorney fees, including fees incurred on appeal, to be mandatory. Accordingly, the district court here had the authority to award appellate attorney fees incurred as part of a party's "defense of the action" in Section 38-2-9.1(B). *See Measday v. Sweazea*, 1968-NMCA-008, ¶¶ 35-36, 78 N.M. 781, 438 P.2d 525 (remanding to the district court for a determination of attorney fees including fees incurred on appeal).

## II.    Attorney Fees Are Sanctions Under the Anti-SLAPP Statute

**{11}** Defendants contend that under the Anti-SLAPP statute attorney fees are awarded as "an element of damages." In contrast, Plaintiff argues attorney fees are awarded as sanctions and "not as an element of damages." As we explain below, we conclude attorney fees awarded under the Anti-SLAPP statute are sanctions and not a compensatory mechanism for damages.

**{12}** "It is well-settled that, absent statutory authority or rule of court, attorney fees are not recoverable as an item of damages." *Lenz v. Chalamidas*, 1989-NMSC-067, ¶ 19, 109 N.M. 113, 782 P.2d 85. With this principle in mind, we turn again to the language of the Anti-SLAPP statute to determine if the Legislature intended the provision authorizing an award of attorney fees to constitute an award of damages or a sanction. *See*

*Valenzuela*, 2014-NMCA-061, ¶ 16 (deriving the intent of the Legislature is the most important goal in statutory interpretation). Section 38-2-9.1(B) states, "If the rights afforded by this section are raised as an affirmative defense and if [the] court grants a motion to dismiss . . . the court shall award reasonable attorney fees and costs incurred by the moving party in defending the action." In determining "legislative intent we may look to the title, and ordinarily it may be considered as a part of the act if necessary to its construction." *State v. Richardson*, 1944-NMSC-059, ¶ 21, 48 N.M. 544, 154 P.2d 224. The title of the Anti-SLAPP statute states, "Special motion to dismiss unwarranted or specious lawsuits; procedures; *sanctions*; severability." Section 38-2-9.1 (emphasis added).[5] The issue of whether an award of attorney fees constitutes a sanction under New Mexico law has already been addressed by the United States Court of Appeals for the Tenth Circuit, and we find its reasoning persuasive. In *Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, the court reasoned, "as [Section] 38-2-9.1's title plainly suggests, Subsection B's first sentence provides for the imposition of fees and costs as a *sanction* primarily designed not to compensate for legal services but to vindicate First Amendment rights threatened by a kind of unwarranted or specious litigation." 885 F.3d 659, 671 (10th Cir. 2018) (internal quotation marks omitted). We agree.

**{13}**   Our conclusion is consistent with the fact that the Anti-SLAPP statute is a procedural mechanism and does not create a cause of action or claim entitling a party to damages, which is a further indication that an award of attorney fees is a sanction. The Anti-SLAPP statute does not reference any potential claim; rather subsequent cases interpreting the statute universally recognize that it is a procedural mechanism. *See, e.g.*, *Los Lobos Renewable Power*, 885 F.3d. at 673 ("The statute's purpose is the prompt termination of certain lawsuits the New Mexico Legislature deemed to be both unduly burdensome and a threat to First Amendment rights."); *Cordova*, 2017-NMSC-020, ¶¶ 1, 19 (recognizing a defendant is "entitled to the procedural protections" of the Anti-SLAPP statute and stating that the statute creates "expedited procedures for dismissing" SLAPP suits). To the contrary, the Anti-SLAPP statute does not limit the exercise of a party's "right or remedy . . . granted pursuant to another constitutional, statutory, common law or administrative provision, including civil actions for defamation or malicious abuse of process." Section 38-2-9.1(E). Consequentially, because the Anti-SLAPP statute does not create a cause of action, we cannot reasonably read the provision authorizing an award of attorney fees in Section 38-2-9.1(B) as entitling a party to damages. Thus, we hold that the Legislature intended the provision authorizing an award of attorney fees in Section 38-2-9.1(B) of the Anti-SLAPP statute to be a sanction, and not a mechanism for compensating or awarding damages.

---

5In further support of our conclusion that the Legislature intended attorney fees awarded, pursuant to the Anti-SLAPP statute to be a sanction, we highlight that the Legislature removed the word "damages" and in its place added "sanctions" in Section 38-2-9.1. *See* H.B. 241, 45th Leg., 1st Sess. (N.M. 2001), *available at https://www.nmlegis.gov/Sessions/01%20Regular/bills/house/HB0241.pdf* (the Anti-SLAPP statute was titled "Immunity—Special Motion to Dismiss Unwarranted or Specious Lawsuits—Procedures—*Damages*—Severability" (emphasis added)).

### III.    Interest on Attorney Fees

**{14}**    Lastly, Defendants argue that Plaintiff's original SLAPP suit constituted tortious conduct against Defendants entitling them to: (1) an award of prejudgment interest on their request for attorney fees, and (2) a 15 percent rate on postjudgment interest as opposed to an 8.75 percent rate.

### A.    Prejudgment Interest

**{15}**    Defendants contend they are entitled to an award of prejudgment interest on their request for attorney fees. The district court denied Defendants request for prejudgment interest stating, "[Section] 38-2-9.1(B) allows [for attorney] fees and costs for the prevailing party on a motion to dismiss" and "it does not include an award of prejudgment interest." Because Defendants' couched their prejudgment interest argument as a purely legal challenge—asserting that attorney fees are damages—we review it de novo. *See State ex rel. Solsbury Hill, LLC v. Liberty Mut. Ins. Co.*, 2012-NMCA-032, ¶ 31, 273 P.3d 1 (reviewing a party's prejudgment interest argument under a de novo standard of review when it involves a purely legal question).

**{16}**    NMSA 1978, Section 56-8-4(B)(1), (2) (2004) provides the district court with discretion to award prejudgment interest in certain circumstances. Section 56-8-4(B) provides that, "the court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering, among other things: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff." Section 56-8-4 applies to all actions, including tort actions in which *damages* are not reasonably ascertainable before trial. *Southard v. Fox*, 1992-NMCA-045, ¶ 7, 113 N.M. 774, 833 P.2d 251(emphasis added).

**{17}**    As we understand Defendants' argument, they allege that because their award of attorney fees under the Anti-SLAPP statute are damages, they are entitled to prejudgment interest. We have already rejected Defendants' argument that attorney fees constitute damages in this context. The Anti-SLAPP statute does not provide a statutory basis for Defendants to file a cause of action or assert a claim or counterclaim against Plaintiff and thus, Plaintiff is not liable for damages to Defendants.[6] To the contrary, "the [Anti-SLAPP] statute is procedural in all its aspects." *Los Lobos Renewable Power*, 885 F.3d. at 673. Because the Anti-SLAPP statute does not establish an independent claim that Defendants can pursue, we cannot reasonably interpret Section 38-2-9.1(B) as entitling them to prejudgment interest on their request for attorney fees. Accordingly, the district court did not err in denying Defendants' request for prejudgment interest.

---

6Although we conclude that attorney fees are sanctions under the Anti-SLAPP statute, as we note above, nothing in the Anti-SLAPP statute prohibits or limits a party's right to pursue an outside claim/counterclaim seeking damages. *See* Section 38-2-9.1(E). As an example, in this case, Defendant Cline filed a counterclaim for malicious abuse of process, which she later voluntarily dismissed.

**B. Postjudgment Interest**

**{18}** Relying on Section 56-8-4(A), Defendants' argue the district court erred in only awarding postjudgment interest at an 8.75 percent rate claiming that their requested attorney fees were damages. We are not persuaded.

**{19}** "We review the court's application of Section 56-8-4(A) to the facts de novo." *Bird v. State Farm. Mut. Auto. Ins. Co.*, 2007-NMCA-088, ¶ 36, 142 N.M. 346, 165 P.3d 343. Section 56-8-4(A)(2) provides, "Interest shall be allowed on judgments and decrees for the payment of money from entry and shall be calculated at the rate of eight and three-fourths percent per year, unless . . . the judgment is based on tortious conduct, bad faith or intentional or willful acts, in which case interest shall be computed at the rate of fifteen percent." Defendants fail to direct our attention to evidence or findings in the record supporting their contention that the filing of Plaintiff's complaint constituted conduct that was tortious, intentional, or in bad faith as required by Section 56-8-4(A)(2). *Cf Pub. Serv. Co. of N.M. v. Diamond D Constr. Co.*, 2001-NMCA-082, ¶ 62, 131 N.M. 100, 33 P.3d 651 ("[I]f a plaintiff wants to [e]nsure that a judgment is assessed the higher 15 percent interest rate in a case not based in tort or bad faith, the plaintiff must specifically request that the fact[-]finder make a finding of intention or willfulness."). Thus, we decline to address Defendants' postjudgment interest argument further. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *see also Santa Fe Expl. Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (stating appellate courts have no duty to entertain uncited and unsupported arguments).

**CONCLUSION**

**{20}** We reverse the district court's denial of Defendants' request for an award of reasonable attorney fees to fees incurred related to the appeal. We remand for the district court to award reasonable attorney fees to Defendants in accordance with our holding, but we otherwise affirm.

**{21} IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**