This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41271

IN THE MATTER OF THE PETITION FOR
EXPUNGEMENT OF ARREST AND PUBLIC
RECORDS OF JAY ZOCCOLI,

      Petitioner-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Jonathan Diener
Mule Creek, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Petitioner Jay Zoccoli appeals the district court's order denying in part his petition to expunge his prior convictions in D-307-CR-2004-00493, which included two convictions for contributing to the delinquency of a minor, three counts of conspiracy to commit distribution of marijuana, and three counts of distribution of marijuana. [RP 87-91] Because the expungement statute at issue "do[es] not apply to an offense committed against a child," our notice of proposed disposition proposed to affirm. Petitioner filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Petitioner's memorandum does not dispute our proposal that his convictions for contributing to the delinquency of a minor are offenses "committed against a child" for the purposes of NMSA 1978, Section 29-3A-5(G) (2019). Further, Petitioner has not asserted any new facts, relevant law, or argument that persuade us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement (internal quotation marks and citation omitted)), *superseded by statute on other grounds as stated in State v.*

*Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Instead, Petitioner reiterates that because New Mexico has subsequently legalized the sale of recreational marijuana, his convictions for contributing to the delinquency of a minor should be expunged. [MIO 1-3]

**{3}** With regard to contributing to the delinquency of a minor, our Supreme Court has concluded:

> We always have relied on juries to determine what acts constitute contributing to delinquency in a particular case. The common sense of the community, as well as the sense of decency, the propriety, and the morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it.

*State v. Trevino*, 1993-NMSC-067, ¶ 8, 116 N.M. 528, 865 P.2d 1172 (internal quotation marks and citation omitted). The broad purpose of the Legislature in enacting the statute was to protect children from harm. *Id.* ¶ 12 (collecting cases). Petitioner's memorandum gives us no reason to doubt that his convictions for contributing to the delinquency of a minor involve offenses "committed against" children.

**{4}** Ultimately, Petitioner's assertion that some of the conduct underlying his convictions is no longer proscribed by statute is simply not a basis for expungement pursuant to Section 29-3A-5, under which Petitioner proceeded below, and pursuant to which "an offense committed against a child" may not be expunged. *See Cordova v. Cline*, 2021-NMCA-022, ¶ 7, 489 P.3d 957 ("If the statute is clear or unambiguous, we interpret it according to its plain language and refrain from further statutory interpretation."). Petitioner provides us with no authority indicating the contrary. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Consequently, we conclude that the district court did not err in declining to expunge Petitioner's convictions based on Section 29-3A-5.

**{5}** Accordingly, for these reasons and those stated in our notice of proposed disposition, we affirm.

**{6}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**