**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2020-NMCA-027**

**Filing Date: November 5, 2019**

**No. A-1-CA-36267**

**JOSEPH R. MAESTAS,**

     Plaintiff-Appellant,

v.

**TOWN OF TAOS,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Certiorari Granted, April 27, 2020, No. S-1-SC-38171; Cross-Petition Granted, April 27, 2020, No. S-1-SC-38171. Released for Publication June 23, 2020.

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellant

Ortiz & Zamora, LLC
Tony F. Ortiz
Santa Fe, NM

for Appellee

Jarmie & Associates
Mark D. Standridge
Las Cruces, NM

for Amicus Curiae New Mexico Defense Lawyers Association

**OPINION**

**B. ZAMORA, Judge.**

**{1}**     After Plaintiff Joseph Maestas was terminated from his position with the Town of Taos he brought a suit under the Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010), alleging the Town had terminated his employment in retaliation for complaints he made about mismanagement and waste. A jury found the Town had violated the WPA but nevertheless did not award Maestas any damages. Maestas argues that the district court abused its discretion in certain evidentiary rulings before and during trial, in denying his posttrial motions for a new trial and for equitable relief, and that the district court erred by failing to award him attorney fees and costs under the WPA. We agree with Maestas that the WPA requires payment of reasonable attorney fees and litigation costs upon a finding that an employer has violated the WPA. Accordingly, we reverse the district court in that respect but otherwise affirm.

## BACKGROUND

**{2}**     When Maestas began his employment with the Town in August 2010, he signed a copy of the Employee's Statement of Receipt and Understanding of Policy, including the Internet use policy, which provided that "I know that any violation of this policy could lead to disciplinary action against me up to termination of employment[.]" The Internet use policy prohibited use of the Town's computers to view pornography. In April 2014 Maestas was discovered viewing pornography on his Town-owned work computer during work hours, and, the Town terminated Maestas's employment less than two weeks later.

**{3}**     Maestas filed a complaint against the Town in February 2015. The complaint alleged that the Town terminated Maestas's employment in violation of the WPA and breached the covenant of good faith and fair dealing. Maestas alleged that he had complained to the Town officials and councilors during his employment about mismanagement, waste of funds, and improper acts involving road procurement contracts, and that the Town terminated him in retaliation for those complaints. He requested compensation for actual damages, reinstatement, back pay, and punitive damages, as well as attorney fees and costs.

**{4}**     At trial, the Town's information technology manager testified that the Town located over 5000 pornographic images on Maestas's computer. The district court denied Maestas's motion in limine to exclude these images from evidence and the images were admitted at trial, although only approximately thirty images were used during questioning and included with the exhibits in the jury room. While Maestas admitted he had been viewing pornography at work, he testified that he was not terminated for viewing pornography, but rather, because he had reported malfeasance by Town employees. Maestas testified that he had lost income and suffered emotional distress, and further stated that he was not requesting reinstatement of his position with the Town "at this time."

**{5}**     At the close of trial, the jury returned a verdict finding the Town violated the WPA and that Maestas was damaged, but the jury did not award any damages to Maestas. Following the trial, Maestas filed motions with the district court for: (1) a new trial, (2)

equitable relief, and (3) attorney fees and costs. Additional facts relevant to these motions are included in our discussion of Maestas's arguments below.

**DISCUSSION**

**I.      The District Court Did Not Abuse Its Discretion in Denying Maestas's Motion for a New Trial on Damages**

**{6}**     We begin by addressing Maestas's argument that the district court abused its discretion in denying his motion for a new trial on damages. During deliberations, the jury sent a note to the judge referencing jury instruction number thirteen. As given, instruction thirteen stated:

>       If you should decide in favor of [Maestas] on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by him to have resulted from the wrongful conduct of the [Town] as claimed[.]

UJI 13-1802 NMRA. The note was misplaced and is not in the record. However, the following exchange took place between counsel and the district court:

| **District Court**: | Regarding jury instruction number thirteen, sentence number one, which the sentence is: "If you decide in favor of [Maestas] on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages, etc." The question is the word[s,] "must" then "fix." Does the jury have the obligation to award a monetary amount to [Maestas]? |
| --- | --- |
| **Defense Counsel**: | No. |
| **District Court**: | That's my answer, and I don't think they do, so I just wanted you know that's the question. |

Maestas's attorney remained silent throughout this exchange and raised no objection. After trial, Maestas filed a motion for a new trial on damages claiming that (1) the district court erroneously responded to the jury's question and lost the jury note; (2) the district court erred in modifying the UJI; (3) the jury verdict was inconsistent, contradictory, and ambiguous; and (4) the jury may have been confused by the evidence because the district court admitted pornographic images. The district court denied the motion.

**{7}**     On appeal, Maestas renews these arguments. As an initial matter, we decline to address Maestas's first three arguments because he failed to make timely objections at trial and thereby waived his objections on appeal. *See Estate of Saenz v. Ranack Constructors, Inc.*, 2018-NMSC-032, ¶¶ 24-30, 420 P.3d 576 (holding that the plaintiff's

failure to timely object in the district court constituted waiver of his arguments based on the jury instructions or verdict). Maestas did not object to jury instruction thirteen, failed to object to the district court's proposed answer to the jury's question, and had an opportunity to object to the verdict but did not. *See id.* ¶¶ 28-30. Applying *Estate of Saenz*, the waiver rule precludes Maestas's challenges, and we do not address them further.

**{8}** Maestas's remaining argument is predicated on the idea that the district court abused its discretion in admitting the pornography evidence, which he claims improperly prejudiced the jury. The Town sought to introduce the pornography evidence in support of its affirmative defense to Maestas's WPA claim—that it terminated Maestas's employment for viewing pornography at work, not for retaliation. While over 5000 pornographic images were found on Maestas's work computer, the district court restricted the use of the pornography evidence at trial after ruling on Maestas's motion in limine.[1] The Town introduced thirty images at trial, although all 5000 photographs were printed and stacked on defense counsel's table as permitted by the Court's ruling. Despite the limitations placed on the Town's use of the pornographic pictures by the district court, Maestas argues that the admission of multiple images was unnecessary because the Town's termination policy did not depend on the quality or quantity of an employee's improper use of the Internet, and also because he never disputed that he viewed the pornography on his work computer. However, Maestas does not rebut the Town's argument that the evidence was relevant to the Town's affirmative defense of justifiable termination. As the district court noted, Maestas alleged that the Town's punishment was too severe, an allegation that the Town had the right to refute. We agree with the district court that the evidence was probative of the Town's defense that the termination of Maestas was reasonable and was due to the extensive and improper use of his work computer during work hours. We conclude that the district court did not abuse its discretion in admitting this evidence and therefore, it likewise did not abuse its discretion in denying Maestas's motion for a new trial.

## II. The District Court Did Not Abuse Its Discretion in Denying Maestas's Motion for Equitable Relief

**{9}** We next address Maestas's argument that the district court abused its discretion in denying his posttrial motion for equitable relief—front pay and retirement benefits—under the WPA. While Maestas requested reinstatement of his employment in his complaint and in his briefing to this Court, he did not request reinstatement in his

---

[1]Maestas also argues that the district court abused its discretion in granting the Town's motion in limine to exclude testimony regarding other employees who allegedly downloaded pornography. The Town argues that Maestas waived his objections to the motion in limine by withdrawing his motion in opposition. We agree with the Town. "[A] party cannot rely on a withdrawn objection to preserve error." *State v. Frazier*, 2007-NMSC-032, ¶ 38, 142 N.M. 120, 164 P.3d 1 (internal quotation marks and citation omitted). Because Maestas withdrew his objection to the filing of the third motion in limine, he denied the district court an opportunity to consider and rule on his objection and therefore failed to preserve the issue for appeal. *See Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 22, 133 N.M. 669, 68 P.3d 909. We decline to address this issue.

posttrial motion and we therefore limit our analysis to his claims for front pay and retirement benefits.

**{10}** "We review a district court's decision to grant or deny equitable relief for abuse of discretion." *Collado v. City of Albuquerque*, 2002-NMCA-048, ¶ 21, 132 N.M. 133, 45 P.3d 73. The district court abuses its discretion if its ruling was clearly untenable or not justified by reason. *Id.* In this case, the district court offered three reasons for denying Maestas's motion: (1) because Maestas did not seek to bifurcate his equitable claims prior to trial and did not seek equitable relief from the jury at trial; (2) because the jury instructions and verdict form permitted the jury to award "[a]ny other special damage proven by the evidence"; and (3) because it would "not allow [Maestas] a new opportunity to secure relief which he did not pursue until after the jury made its decision."

**{11}** As an initial matter, with regard to the district court's ruling that Maestas should have submitted his claims to the jury, we note that "the [district] court must determine the mode and order of trial" when legal and equitable claims have been joined. *Scott v. Woods*, 1986-NMCA-076, ¶ 30, 105 N.M. 177, 730 P.2d 480. As a general matter, the district court determines when and if equitable relief is appropriate, not a jury. *Blea v. Fields*, 2005-NMSC-029, ¶ 16, 138 N.M. 348, 120 P.3d 430. Further, "when equitable and legal claims present common issues of fact which are material to the disposition of both claims, the legal claims must be submitted to a jury before the equitable claims are decided." *Id.* ¶ 1. Maestas, however, failed to request bifurcation of his equitable claims before trial, and we question the timeliness of his request for a bench trial on his equitable claims coming as it did after the jury awarded him no damages. *See* Rule 1-042(B) NMRA (permitting the district court to order bifurcation of issues through separate trials under certain circumstances); Rule 1-007(B) NMRA (requiring "[a]n application to the court for an order" be made by motion in writing). Regardless, the district court correctly concluded Maestas was not entitled to front pay and retirement benefits, though as we explain below, we reach this conclusion for reasons different from those articulated by the district court.

**{12}** In his complaint, Maestas's requests for relief were limited to reinstatement and retirement benefits; he did not request front pay. "Courts are in general agreement that front pay is only available if the court finds that reinstatement is inappropriate." Ernest F. Lidge III, *Wrongfully Discharged In-House Counsel: A Proposal to Give the Employer a Veto Over Reinstatement While Giving the Terminated Lawyer Front Pay*, 52 WFLR 649, at 658 (2017). "The overarching preference in employment discrimination cases is for reinstatement." *Id.* (internal quotation marks omitted); *cf. Smith v. FDC Corp.*, 1990-NMSC-020, ¶ 24, 109 N.M. 514, 787 P.2d 433 (stating that under the Age Discrimination Employment Act, front pay may be an appropriate remedy when reinstatement or comparable alternative employment is not feasible). Since Maestas did not request reinstatement in his posttrial motion and testified during trial that he was not requesting reinstatement "at this time," we conclude that he is not entitled to the alternative remedy of front pay.

**{13}** In addition, Maestas failed to make any specific argument with respect to retirement benefits or direct our attention to anything in the record supporting such a claim. We will not search the record to determine the viability of Maestas's claim and therefore, decline to address this undeveloped issue further. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{14}** We therefore hold that the district court did not abuse its discretion in denying Maestas's motion for equitable relief.

### III.    Attorney Fees and Costs

**{15}** The district court denied Maestas's request, pursuant to the WPA, for attorney fees and costs, and awarded costs to the Town pursuant to Rule 1-068 NMRA. We address attorney fees first.

### A.    Maestas is Entitled to Attorney Fees Pursuant to the WPA

**{16}** Maestas argues that the district court abused its discretion in denying his request for attorney fees because the WPA mandates an attorney fee award. The Town argues that attorney fees under the WPA are dependent on recovery of damages and, because the jury awarded zero damages, Maestas is not a "prevailing party" and thus, is not entitled to attorney fees. "Appellate courts review an award of attorney fees for abuse of discretion." *Am. Civil Liberties Union of N.M. v. Duran*, 2016-NMCA-063, ¶ 24, 392 P.3d 181. However, to the extent we are required to interpret the WPA in deciding whether Maestas is entitled to an award of attorney fees, we apply a de novo review. *See id.*

**{17}** "New Mexico adheres to the so-called American rule that, absent statutory or other authority, litigants are responsible for their own attorney[] fees." *Montoya v. Villa Linda Mall, Ltd.*, 1990-NMSC-053, ¶ 6, 110 N.M. 128, 793 P.2d 258. At issue here is whether Maestas was entitled to an attorney fee award based on the jury's finding that the Town violated the WPA and that Maestas was damaged by the violation, despite the jury's award of zero damages. This question requires us to construe, for the first time, Section 10-16C-4(A) of the WPA, which provides in relevant part:

> A public employer that violates the provisions of the [WPA] shall be liable to the public employee for actual damages, reinstatement with the same seniority status that the employee would have had but for the violation, two times the amount of back pay with interest on the back pay and compensation for any special damage sustained as a result of the violation. In addition, an employer shall be required to pay the litigation costs and reasonable attorney fees of the employee.

**{18}** In determining legislative intent, we first look to the plain language of the statute and refrain from further interpretation if the language is not ambiguous. *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 9, 146 N.M. 24, 206 P.3d 135. "[W]here the language of the legislative act is doubtful or an adherence to the literal use of words would lead to injustice, absurdity or contradiction, the statute will be construed according to its obvious spirit or reason, even though this requires the rejection of words or the substitution of others." *N.M. Real Estate Comm'n v. Barger*, 2012-NMCA-081, ¶ 7, 284 P.3d 1112 (internal quotation marks and citation omitted).

**{19}** The WPA provides that an employer that violates the WPA "shall" be required to pay the employee's reasonable attorney fees. Section 10-16C-4(A). "Generally, the use of the word 'shall' imposes a mandatory requirement." *N.M. Dep't of Health v. Compton*, 2000-NMCA-078, ¶ 11, 129 N.M. 474, 10 P.3d 153 (omission, internal quotation marks, and citation omitted). Applying the plain language of the WPA to the facts in this case, Maestas would be entitled to a reasonable attorney fee because the jury found that the Town violated the WPA. *Cf. Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1078, 1080 (10th Cir. 1998) (stating, in cases involving statute without prevailing party requirement, that "not every non-monetary victory precludes a fee award" and that "recovery may be had even where actual damages are minimal or nonexistent if [the] plaintiff succeeds in serving an important public purpose"); *see also Norris v. Sysco Corp.*, 191 F.3d 1043, 1052 (9th Cir. 1999) (stating, in case involving statute without prevailing party requirement, that "[s]uffice it to say. . . the mere fact that [the plaintiff] did not obtain actual tangible relief does not preclude an award of fees"). The mandatory nature of the WPA's language is consistent with the public's interest in encouraging employees to bring forward cases of government malfeasance. *See Flores v. Herrera*, 2016-NMSC-033, ¶ 9, 384 P.3d 1070 ("[T]he Legislature enacted the WPA to encourage employees to report illegal practices without fear of reprisal by their employers." (internal quotation marks and citations omitted)).

**{20}** The Town, however, contends that "a party must recover a judgment in order to be granted prevailing party status" and relies on cases interpreting attorney fee statutes that contain the term "prevailing party" in support of its position. *See, e.g.*, *Harvey-Williams v. Peters*, Nos. 95-4274, 95-4354 , 1997 WL 397234, at *3 (6th Cir. 1997) (in an unpublished opinion applying 42 U.S.C. § 1988(b) (2018), which provides that "the court may allow the prevailing party reasonable attorney[] fees as part of the costs"); *Lintz v. Am. Gen. Fin., Inc.*, 76 F. Supp. 2d 1200, 1210 (D. Kan. 1999) (concluding that "an award of zero damages does not render the plaintiff a prevailing party" pursuant to 42 U.S.C. § 2000e–5(k), which permits the district court, in its discretion, to award "the *prevailing party* . . . a reasonable attorney[] fee" (emphasis added)). Unlike the WPA, the statutes in those cases explicitly condition attorney fee awards by stating that they are available to a prevailing party. Attorney fees under the WPA, in contrast, depend on whether a public employer is found to have violated the provisions of the WPA, and are not conditioned on an employee's status as a prevailing party. Had the Legislature intended to limit WPA attorney fee awards to only prevailing parties, then it would have written that language into the statute, as it has in other statutes. *See State v. Lindsey*, 2017-NMCA-048, ¶ 19, 396 P.3d 199 ("[T]he Legislature knows how to include

language in a statute if it so desires[.]" (internal quotation marks and citation omitted)); *see also, e.g.*, NMSA 1978, § 47-8-48(A) (1995) (stating "the *prevailing party* shall be entitled to reasonable attorney[] fees" (emphasis added)); NMSA 1978, § 39-2-2.1 (1975) ("In any civil action . . . to recover on an open account, the *prevailing party* may be allowed a reasonable attorney fee set by the court[.]" (emphasis added)); NMSA 1978, § 7-1-29.1(A) (2019) ("[T]he taxpayer shall be awarded . . . attorney fees . . . if the taxpayer is the *prevailing party*." (emphasis added)). Thus, we conclude that the plain language of WPA requires the district court to award Maestas reasonable attorney fees.

{21} We next address an issue of first impression—what "reasonable" means with respect to attorney fees under the WPA. The Town argues that even if the Court were to conclude that the WPA permits fees, the principle of proportionality would prevent Maestas from obtaining an award of attorney fees. Specifically, relying on Rule 16-105 NMRA, the Town argues that "the [d]istrict [c]ourt reasonably could reject a fee request because a zero damages recovery from the jury is proportional to a zero-fee recovery." *See* Rule 16-105(A)(4) ("A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include . . . the amount involved and the results obtained.").

{22} Our Courts have applied the Rule 16-105 factors and, similarly, the lodestar criteria in determining whether a party is entitled to a reasonable attorney fee. While Defendant argues for proportionality, we think the lodestar method is more appropriate. For instance, like the WPA, the fee-shifting provision in the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019), also does not include the "prevailing party" requirement. Instead, the IPRA provides that "the court shall award . . . reasonable attorney[] fees to any person whose written request has been denied and is successful in a court action to enforce the provisions of" the IPRA. Section 14-2-12(D). In *Rio Grande Sun v. Jemez Mountains Public School District*, 2012-NMCA-091, ¶ 20, 287 P.3d 318, we held that "[i]n statutory fee-shifting cases like [the IPRA], the lodestar method for determining attorney fees is generally used because it provides adequate fees to attorneys who undertake litigation that is socially beneficial, irrespective of the pecuniary value to the claimant." (alteration, internal quotation marks, and citation omitted).

{23} For these reasons, we conclude that the appropriate method for determining a reasonable attorney fee under the WPA is by applying the lodestar criteria, which include:

> (1)     the time and labor required—the novelty and difficulty of the questions involved and skill required; (2) the fee customarily charged in the locality for similar services; (3) *the amount involved and the results obtained*; (4) the time limitations imposed by the client or by the circumstances; and (5) the experience, reputation and ability of the lawyer or lawyers performing the services.

*Id.* ¶ 13 (emphasis added) (internal quotation marks and citation omitted). We therefore remand this matter to the district court to apply the lodestar method to determine the reasonable attorney fee.

**B.     Maestas is Entitled to Costs Incurred Prior to the Town's Offer**

**{24}**   Maestas also argues that, under the plain language of the WPA, he must be awarded costs incurred before the Town issued a Rule 1-068 offer of settlement. He relies on the same provision of the WPA addressed above, which states that "an employer [that has violated the WPA] shall be required to pay the litigation costs and reasonable attorney fees of the employee." Section 10-16C-4(A). The Town argues that Maestas's construction of the WPA would render Rule 1-068(A) meaningless.

**{25}**   Rule 1-068(A) provides that "[i]f an offer of settlement made by a defending party is not accepted and the judgment finally obtained by the claimant is not more favorable than the offer, the claimant must pay the costs, excluding attorney[] fees, incurred by the defending party after the making of the offer and shall not recover costs incurred thereafter." Prior to trial, the Town tendered a $10,000 offer of settlement under Rule 1-068, which Maestas did not accept. Our understanding of Maestas's argument is that he is only requesting costs incurred prior to the Town's offer of settlement. We agree that he is entitled to them for the same reasons he is entitled to a reasonable attorney fee.

**{26}**   However, because Maestas rejected the Town's offer of settlement, which exceeded his award of zero damages, we conclude the award of costs to the Town pursuant to Rule 1-068 was appropriate. *See* Rule 1-068(A). Maestas also contests the amount of costs awarded to the Town arguing that "[t]he [district] court awarded costs not allowed under Rule [1-054]." "Generally, the district court has broad discretion in awarding attorney fees and we will not disturb the court's fee determination unless there has been an abuse of discretion." *Calderon v. Navarette*, 1990-NMSC-098, ¶ 7, 111 N.M. 1, 800 P.2d 1058. Based on our review of the record, the district court did not abuse its discretion in its determination of which of the Town's costs were reasonable. We hold that the district court abused its discretion in denying Maestas's request for the costs he incurred prior to the offer of settlement, but affirm the district court's order awarding costs to the Town.

**CONCLUSION**

**{27}**   For the foregoing reasons, we reverse and remand for a determination of Maestas's reasonable attorney fees and the costs he incurred prior to the Town's Rule 1-068 offer of settlement. However, we affirm the district court's rulings on the remaining issues.

**{28}   IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**