This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40439

**JOSEPH R. MAESTAS,**

Plaintiff-Appellant,

v.

**TOWN OF TAOS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio Chavez, District Court Judge**

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellant

Ortiz & Zamora, Attorneys at Law, LLC
Tony F. Ortiz
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff Joseph R. Maestas appeals the district court's orders awarding fees and costs following remand in the previous appeal in this case. *See Maestas v. Town of Taos* (*Maestas I*), 2020-NMCA-027, 464 P.3d 1056. Having carefully considered the parties' briefing and the record, we affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

**{2}** In *Maestas I*, this Court determined that Plaintiff was entitled to reasonable attorney fees under the Whistleblower Protection Act (WPA), NMSA 1978, § 10-16C-4(A) (2010), and any costs he incurred before Defendant's Rule 1-068(A) NMRA offer of settlement. *Maestas I*, 2020-NMCA-027, ¶¶ 20, 27. On remand, the district court awarded Plaintiff $45,166.67 in attorney fees and denied Plaintiff's request for attorney fees and costs incurred for work on the appeal in *Maestas I.*

**{3}** The district court also granted Defendant $14,311.29 for costs incurred after Defendant's first Rule 1-068 offer of settlement. Plaintiff asked the district court to set aside or reconsider that ruling after the court awarded Plaintiff attorney fees, arguing that attorney fees are damages under the WPA and the amount of his fee award exceeded Defendant's second Rule 1-068 offer. The court denied Plaintiff's motion. Plaintiff appeals from these rulings.

## DISCUSSION

**{4}** Plaintiff raises six issues on appeal. He argues that (1) the district court erred in determining the amount of his attorney fee award; (2) he is entitled to gross receipts taxes on the attorney fee award; (3) he is entitled to attorney fees and costs for work on the appeal in *Maestas I*; (4) the district court erred in failing to reduce his attorney fee award to a judgment; (5) he is entitled to costs under Rule 1-068; and (6) the district court erred in holding him in contempt for failure to pay Defendant's costs under Rule 1-068.

## I.    Attorney Fees

**{5}** Plaintiff submitted his first motion for attorney fees with supporting billing records right after the jury trial concluded. At that time Plaintiff requested an award of $129,047.62. The district court denied Plaintiff's request, concluding that neither party had prevailed in the litigation. Plaintiff appealed, and in *Maestas I* this Court held that Plaintiff was entitled to reasonable attorney fees for his WPA claim. *See Maestas I*, 2020-NMCA-027, ¶ 20 (holding that the WPA required the district court to award Plaintiff reasonable attorney fees even though the jury did not award Plaintiff damages because the jury found Defendant had violated the provisions of the WPA); *see also* § 10-16C-4(A) (stating that "an employer shall be required to pay the litigation costs and reasonable attorney fees of the employee"). On remand, Plaintiff filed a supplemental application for attorney fees in the amount of $211,026.67, which included time for work on the appeal. The district court awarded Plaintiff attorney fees for his WPA claim in the amount of $45,166.67, an amount that represented 35 percent of Plaintiff's original, preappeal fee request.

**{6}** Plaintiff asserts fifteen claims of error related to the district court's determination of his attorney fee award. These claims all center on two aspects of the district court's decision, (1) that the district court only awarded Plaintiff 35 percent of the fees he

requested, and (2) the court's application of the lodestar criteria.[1] We review these matters for abuse of discretion. *J.R. Hale Contracting Co. v. Union Pac. R.R.*, 2008-NMCA-037, ¶ 93, 143 N.M. 574, 179 P.3d 579.

## A. The District Court Did Not Err in Awarding Plaintiff 35 Percent of the Total Attorney Fees He Requested

**{7}** Plaintiff first argues that the district court erred in awarding him only 35 percent of the attorney fees he requested. The district court determined that this percentage reflected the amount of time Plaintiff spent on his WPA claim. Plaintiff claims the district court's reduction is in error because his invoices only included charges for the WPA claim, and the court's allocation of time to his other claims was incorrect in a number of respects.

**{8}** Plaintiff asserted in his motion for attorney fees that he had not included any charges for work on his breach of the covenant of good faith and fair dealing claim. *See Dean v. Brizuela*, 2010-NMCA-076, ¶ 16, 148 N.M. 548, 238 P.3d 917 ("[I]t has long been the rule in New Mexico that a party is only entitled to those fees resulting from the cause of action for which there is authority to award attorney fees."). Plaintiff makes the same assertion on appeal—that he only requested fees for the WPA claim and did not include charges for work on his other claims. However, after reviewing the invoices Plaintiff submitted with his motion, it appears that Plaintiff's fee request included time for work on matters other than the WPA claim. *See J.R. Hale Contracting Co.*, 2008-NMCA-037, ¶¶ 92, 95 (stating that when a statutory claim is joined with other nonstatutory claims, an award of attorney fees must be limited to the statutory claim). For example, Plaintiff's invoices included time for drafting the complaint and jury instructions, and for trial, all of which facially appear to include work on the breach of the covenant of good faith and fair dealing claim.

**{9}** As the district court noted, Plaintiff did not "address in detail, time toward specific claims." Plaintiff acknowledges that he did not itemize his attorney fees related to his specific claims, but suggests that this should have precluded the district court from concluding that some of the billed time was attributable to work on matters other than the WPA claim. Plaintiff appears to misunderstand that it was his burden to show what portion of the attorney fees were attributable to the WPA claim, or why it was difficult or impossible to segregate work on the WPA claim from the other claims. *See Dean*, 2010-NMCA-076, ¶ 19. Plaintiff made no showing on these matters. He has not stated, either to this Court or the district court, what efforts he made to segregate his time for his various claims. *See id.* ¶ 17 ("Our Supreme Court has continued to direct that

---

[1] Plaintiff raises one unpreserved claim of error: that the district court failed to apply a multiplier to his attorney fee award. *See In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 34, 140 N.M. 879, 149 P.3d 976 ("An award based on a lodestar may be increased by a multiplier if the lower court finds that a greater fee is more reasonable after the court considers the risk factor and the results obtained."). Plaintiff has not directed us to any portion of the record where he requested a multiplier, and we decline to consider this argument. *See Glaser v. LeBus*, 2012-NMSC-012, ¶ 13, 276 P.3d 959 (stating that where a party fails to comply with the requirement to demonstrate where a claim was preserved, an appellate court has discretion to refuse to consider the issue).

recoverable fees be segregated from non-recoverable fees to ensure that only those fees for which there is authority to award attorney fees are in fact awarded."). Nor has Plaintiff argued that the work was inextricably intertwined. *See id.* ¶ 18 (stating that the burden to show the impossibility of segregating attorney fees is with the attorney who requests the attorney fee award). Consequently, based on the invoices submitted to the district court, it was reasonable for the court to conclude that Plaintiff's fee request included time for work on matters other than the WPA claim, and to take steps to review the claim to determine what fees to award. We see no abuse of discretion in the district court's decision to reduce Plaintiff's request for attorney fees to the amount relating solely to the WPA claim. *See id.* ¶ 19.

**{10}** Additionally, we reject Plaintiff's contention that because Defendant did not object to any particular time entry, it waived any challenge to the reasonableness of his requested fees. "[The d]efendant did not have to object to the time or show that it was separate. It was for the trial court to review the claim made by [the p]laintiff[] and in its discretion determine what fees to award." *Id.* (alteration, internal quotation marks, and citation omitted). Once Plaintiff made his claim for attorney fees, "it was left to the discretion of the trial court to make the award based upon [the p]laintiff['s] proof of the reasonableness of the fees." *Id.* (internal quotation marks and citation omitted).

**{11}** Plaintiff also challenges the district court's particular allocations of time to his other claims. Specifically, Plaintiff argues that the district court erred in determining that 15 percent of the billed time was for work on the breach of the covenant of good faith and fair dealing claim, 40 percent was for time spent on damages, and 10 percent for time on ministerial matters.

**{12}** Regarding the breach of the covenant of good faith and fair dealing claim, Plaintiff asserts only that he did not submit charges for this claim. However, as discussed above, his invoices indicate otherwise. Based on Plaintiff's invoices, we see no abuse of discretion in the district court's determination that Plaintiff spent 15 percent of his time on the breach of the covenant of good faith and fair dealing claim. *See id.* ¶ 19 (holding that the district court did not abuse its discretion in denying attorney fees where the defendant made no showing regarding what portion of the attorney fees charged were attributable to defending the statutory claim or why it was difficult or impossible to segregate the statutory claims from the nonstatutory claims).

**{13}** Plaintiff also contends that the district court erred in finding that 40 percent of the billed time reflected work to address damages. Plaintiff's only argument on this point is that punitive and emotional distress damages, and mitigation of damages, were not at issue at trial. The record refutes this assertion; these matters were very much at issue throughout the litigation. For example, in his proposed pretrial order, Plaintiff stated that one of the contested issues of fact was whether Defendant's actions "warrant[ed] an award of punitive damages." Plaintiff's proposed special verdict form instructed the jury to determine the amount of punitive damages he was entitled to. As to emotional distress damages, Plaintiff testified at trial that he lost income and suffered emotional distress as a result of reporting Defendant's malfeasance. *See Maestas I*, 2020-NMCA-

027, ¶ 4. With regard to mitigation of damages, the district court instructed the jury "to consider that an injured person must exercise ordinary care to minimize or lessen his damages." *See* UJI 13-1811 NMRA (providing the instruction to be used when the evidence creates an issue as to whether a plaintiff exercised ordinary care to mitigate damages). We accordingly reject Plaintiff's contention that these matters were not at issue, and because Plaintiff has not presented any further argument to support his contention that the district court erred in allocating time to these matters, he has not established any abuse of discretion on the part of the district court. *See Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 (explaining that "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred").

**{14}**    Finally, Plaintiff asserts that the district court erred in failing to award him attorney fees for ministerial matters, such as travel, since these matters were related to the WPA claim. However, instead of explaining how these matters were related to the WPA claim, Plaintiff incorrectly argues the burden was on the district court to show that he was not entitled to attorney fees for ministerial matters. *See id.* Thus, Plaintiff has not met his burden to show that the district court abused its discretion in determining he spent 10 percent of his time on ministerial matters or that these matters cannot be attributed to the WPA claim. *See Dean*, 2010-NMCA-076, ¶ 19; *see also Premier Tr. of Nev., Inc.*, 2021-NMCA-004, ¶ 10.

**{15}**    In conclusion, Plaintiff has failed to show that the district court abused its discretion in reducing his attorney fee request to exclude time spent on matters other than the WPA claim. In conjunction with this conclusion, and in light of the discussion set forth above, we reject Plaintiff's additional assertions that the district court improperly awarded fees in proportion to the judgment and improperly relied on *Hiatt v. Keil*, 1987-NMSC-049, 106 N.M. 3, 738 P.2d 121, in doing so.

## B.    The District Court Did Not Err in Its Application of the Lodestar Criteria to Calculate Plaintiff's Attorney Fees

**{16}**    Plaintiff raises an additional nine claims of error related to the district court's application of the first and fourth lodestar criteria. Stated briefly, Plaintiff contends the district court erred in finding that (1) the parties were on equal footing; (2) this case was not complex, high risk, highly contentious, or heavily litigated, and did not require extensive testimony; (3) Plaintiff did not prove damages;[2] (4) Plaintiff's settlement demand of $155,000 was potentially significant in determining his attorney fee award;[3] (5) Plaintiff obtained minimal success on his WPA claim; and (6) Plaintiff was not the prevailing party in this case.[4] Plaintiff additionally claims that (7) *Maestas I* requires

---

[2]Plaintiff fails to acknowledge the district court's explicit finding that, even though the jury awarded him no damages, it still found he was damaged under the WPA.
[3]Plaintiff incorrectly asserts that "there is no evidence in the record to support the existence of [his alleged settlement offer of $155,000]." This settlement offer appears in the record at RP 2773.
[4]Contrary to Plaintiff's assertion, the district court never made a determination of the prevailing party in its post-appeal orders.

consideration, without discretion, of certain lodestar factors; (8) the fourth lodestar factor, which asks courts to consider the amount involved and results obtained, does not apply to WPA claims; and (9) the district court erred in considering what "some" people think when determining his attorney fees.

**{17}** "A lodestar is determined by multiplying counsel's total hours reasonably spent on the case by a reasonable hourly rate." *Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 20, 287 P.3d 318 (internal quotation marks and citation omitted). This value serves as a starting point for the calculation of a reasonable attorney fee. *See Autovest, L.L.C. v. Agosto*, 2021-NMCA-053, ¶ 25, 497 P.3d 642, *cert. granted* (S-1-SC-38834, Oct. 12, 2021). As Plaintiff acknowledged in his motion for attorney fees, the lodestar criteria are used by the district court to determine how many hours should reasonably have been expended in the case (i.e., whether a plaintiff spent too much time on a claim given the complexity of the facts, law, etc.), and to determine a reasonable hourly rate for counsel's work. *See In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 70 (noting that the district court has the discretion to determine how many hours, in its experience, should have been expended on a specific case); *see also id.* ¶ 65 ("The district court has discretion to determine a reasonable hourly rate that reflects the prevailing market rates in the relevant community." (internal quotation marks and citation omitted)).

**{18}** Here, the district court's reduction of Plaintiff's requested attorney fee award appears to be based solely on its determination that Plaintiff's request included time for work on matters other than the WPA claim. The district court accepted Plaintiff's hourly rate of $275 and determined that the 470 hours Plaintiff spent on the litigation was not unreasonable as a general matter. The district court did not impose any further reduction based on its consideration of the lodestar criteria.

**{19}** With this in mind, we fail to see how any of the alleged errors in the district court's lodestar evaluation would require reversal of the attorney fee award. Regardless, having carefully examined the various claims of error, the record, and the arguments and authority raised in the parties' briefing, we conclude Plaintiff's lodestar arguments lack merit and provide no basis for reversal.

## II.    Gross Receipts Taxes for Attorney Fees

**{20}** Plaintiff argues that the district court erred in failing to include gross receipts taxes on the attorney fee award. *See Rio Grande Sun*, 2012-NMCA-091, ¶ 26 (stating that a party is entitled to have gross receipts taxes included in a fee award). However, as discussed previously, the district court awarded Plaintiff a percentage of his original fee request. In the invoices Plaintiff supplied to support his fee request, the total amount requested, $129,047.62, included $8,863.57 for "New Mexico Gross Receipts." Consequently, the 35 percent, or $45,166.67, ultimately awarded by the district court appears to include gross receipts taxes consistent with the percentage awarded of the whole amount Plaintiff requested, which included such taxes. Plaintiff has not explained

how or why an additional amount for gross receipts taxes should be included given this calculation. We therefore reject Plaintiff's assertion of error.

## III.    Appellate Attorney Fees

**{21}**    Plaintiff contends that the district court erred in determining that he was not entitled to appellate attorney fees for his work on *Maestas I* because he did not request them from this Court under Rule 12-403 NMRA. *See id.* (providing that "[u]nless otherwise provided by law, the appellate court may, in its discretion, award costs to the prevailing party on request. A party may request costs in a motion filed within fifteen (15) days after entry of disposition."). Defendant argues that the district court's rationale was correct, and further suggests that Plaintiff is not entitled to appellate attorney fees and costs at all under the WPA.

**{22}**    We first dispose of Defendant's assertion that fees and costs are not authorized under Section 10-16C-4(A) for work on appeal. Section 10-16C-4(A) provides that "an employer shall be required to pay the litigation costs and reasonable attorney fees of the employee." Defendant's position is essentially that Plaintiff has not provided any citation for the proposition that if a statute authorizes an award of attorney fees, then it also includes fees incurred on appeal. Contrary to Defendant's position, our Supreme Court has consistently taken the view that appellate attorney fees are authorized unless the statute contains a limitation restricting the fee award to those incurred at the trial level. In *Superior Concrete Pumping, Inc. v. David Montoya Construction, Inc.*, for example, our Supreme Court determined that appellate attorney fees were allowed for open account cases. 1989-NMSC-023, ¶ 15, 108 N.M. 401, 773 P.2d 346. The relevant statute provided that "in any civil action in the district court, small claims court or magistrate court to recover on an open account, the prevailing party may be allowed a reasonable attorney fee." *Id.* (alteration, internal quotation marks, and citation omitted). The Court first observed that the statute does not "limit specifically the award of attorney fees to those fees incurred at the trial level." *Id.* ¶ 16. The Court then reasoned that "[t]he statute is designed to prevent the threat of litigation as a tactic either to avoid paying just debts or to enforce false claims. If the statutory purpose is to dissuade parties from litigating on open accounts except where both are convinced of the correctness of their position, that purpose is fostered by allowing reasonable attorney fees to the prevailing party on appeal as well as at trial." *Id.* (internal quotation marks and citations omitted); *see also Hale v. Basin Motor Co.*, 1990-NMSC-068, ¶ 27, 110 N.M. 314, 795 P.2d 1006 (applying the rationale in *Superior Concrete Pumping, Inc.* and awarding appellate attorney fees under NMSA 1978, Section 57-12-10(C) (1987, amended 2005) of the Unfair Practices Act because even though the Act did not explicitly provide for appellate fees, such an award was consistent with the purpose of the Act).

**{23}**    Because Section 10-16C-4(A) of the WPA does not specifically limit the award of attorney fees to those incurred at the trial level, we assume they are permitted for Plaintiff's work on appeal. And, just as in *Superior Concrete Pumping, Inc.*, an award of appellate attorney fees is consistent with the WPA's statutory purpose because it

encourages plaintiffs to report illegal practices without fear of reprisal and without the worry that plaintiffs may be responsible for fees and costs should they need to defend the correctness of their position on appeal. *See Flores v. Herrera*, 2016-NMSC-033, ¶ 9, 384 P.3d 1070 (stating that the WPA's statutory purpose is to "encourage employees to report illegal practices without fear of reprisal by their employers," and "promotes transparent government and the rule of law"). Consequently, we reject Defendant's contention that attorney fees are unavailable under the WPA for work on appeal.[5]

**{24}**    This brings us to Plaintiff's argument that the district court erred in denying his request for appellate attorney fees due to the fact that Plaintiff did not request them from this Court under Rule 12-403 after *Maestas I*. *See* Rule 12-403(B)(3) (stating that allowable costs include "reasonable attorney fees for services rendered on appeal in causes where the award of attorney fees is permitted by law"). We have previously addressed this issue in *Cordova v. Cline*, 2021-NMCA-022, 489 P.3d 957, and concluded that the district court had the authority to award appellate attorney fees even though the defendant did not request them from this Court under Rule 12-403. *See Cordova*, 2021-NMCA-022, ¶ 10. We reasoned that Rule 12-403 provides appellate courts with discretion to award attorney fees to the prevailing party, but when a statute makes the award of attorney fees mandatory, the district court retains authority to award appellate attorney fees on remand following the appeal. *See Cordova*, 2021-NMCA-022, ¶ 10.

**{25}**    In this case, like in *Cordova*, attorney fees are mandatory. *Id.* ¶¶ 8, 10 (holding that attorney fees, including fees incurred on appeal, were mandatory because the statute at issue stated that "the court *shall* award reasonable attorney fees and costs" to the prevailing party" (internal quotation marks and citation omitted)). "The WPA provides that an employer that violates the WPA 'shall' be required to pay the employee's reasonable attorney fees." *Maestas I*, 2020-NMCA-027, ¶ 19. "It is widely accepted that when construing statutes, 'shall' indicates that the provision is mandatory, and we must assume that the Legislature intended the provision to be mandatory absent [a] clear indication to the contrary." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 22, 146 N.M. 24, 206 P.3d 135. Consequently, as in *Cordova*, the district court here had the authority to award appellate attorney fees even though Plaintiff did not file a motion in this Court under Rule 12-403.

**{26}**    We also briefly address Plaintiff's argument that the district court erred in failing to award him fees for post-trial work. Plaintiff notes that the district court relied on his first motion for attorney fees to determine his award. That motion appears to include some, but not all, of the post-trial work leading up to *Maestas I*. Although Plaintiff has not said specifically what additional fees he believes should have been awarded and how those fees are related to his WPA claim, the district court on remand may consider whether Plaintiff is entitled to additional fees for work performed after he filed his initial

[5]We held in *Maestas I* that because the WPA does not have a prevailing party requirement, Plaintiff was entitled to attorney fees, subject to a lodestar analysis, even though the jury did not award damages. We are comfortable that the lodestar analysis allows courts to consider, among other factors, the results obtained in determining a reasonable fee for work on the appeal.

motion for attorney fees. *See Rio Grande Sun*, 2012-NMCA-091, ¶ 29 (remanding to the district court for a reconsideration of its cost award to ensure that all reasonable and necessary costs are included). Further, in light of our holding here, it is not necessary to address Plaintiff's brief assertion that the district court erred by declining to commit the award of attorney fees to a judgment.

## IV.     Rule 1-068

**{27}**   Plaintiff argues that he is entitled to costs under Rule 1-068. Based on the procedural posture of this case, we understand Plaintiff to argue that the district court erred in denying his "motion to set aside, amend or reconsider the court's order granting Defendant's costs after first offer of settlement." We review the district court's denial of a motion to reconsider for abuse of discretion. *United Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290.

**{28}**   In this case, Defendant made two Rule 1-068 offers, one for $10,001 and another for $20,000. Following our remand in *Maestas I*, the district court awarded Defendant $14,311.29 for costs incurred after its first Rule 1-068 offer. Approximately four months after issuing its cost order, the district court issued a separate order awarding Plaintiff attorney fees. Thereafter, Plaintiff filed a motion to set aside or reconsider the order awarding costs to Defendant. Plaintiff claimed that under Rule 1-068, *he* was entitled to costs (and Defendant was not) on the theory that his attorney fee award of $45,166.67 was a damages award that exceeded Defendant's second Rule 1-068 offer. The district court denied Plaintiff's motion, finding that (1) Plaintiff failed to raise the issue prior to or during Plaintiff's first appeal, or prior to the district court deciding the remanded issues; and (2) the requested determination was outside the scope of *Maestas I*'s remand.

**{29}**   In this appeal, Plaintiff renews his argument that his attorney fee award constitutes a damage award (as opposed to a sanction), and summarily concludes that because his attorney fee award exceeded Defendant's $20,000 Rule 1-068 offer, he is entitled to all of his costs. Plaintiff also states that he is entitled to a refund of $14,311.29 from Defendant. For at least two independent reasons, we are not persuaded that the district court erred in denying Plaintiff's motion.

**{30}**   First, Plaintiff has not said how the district court abused its discretion in concluding that Plaintiff failed to timely raise the matter. Plaintiff states that the issue could not have been raised on appeal in *Maestas I*, but wholly fails to address why he neglected to raise the issue until eleven months after mandate issued. Of note, Plaintiff had multiple opportunities to alert the district court to this issue before the court entered its order granting Defendant costs. For example, just a month after mandate issued on April 7, 2021, Plaintiff filed a 159-page supplemental application for attorney fees seeking $211,026.67. Nowhere in the motion did Plaintiff state his position that if the attorney fee award ultimately exceeded $20,000, he would be entitled to costs under Rule 1-068. Two months later, the district court held a hearing regarding the mandate in *Maestas I*. During this hearing, Plaintiff neither objected to the district court granting Defendant's costs, nor argued that his attorney fee award would affect the court's

analysis under Rule 1-068. The district court entered an order granting Defendant's costs on September 10, 2021, five months after remand. Plaintiff did not file his motion to modify or vacate that order until March 3, 2022.

**{31}** It is apparent from the record that Plaintiff had ample opportunity to raise this issue on remand before the district court entered its order granting Defendant's costs but failed do so. Plaintiff raised his new theory that he prevailed under Rule 1-068 for the first time in March 2022, nearly a year into remand and more than six months after the district court entered its order awarding Defendant's costs. We have previously held that a district court does not abuse its discretion by denying a motion to reconsider that raised new arguments or theories. *See Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 26, 138 N.M. 851, 126 P.3d 1215 (holding that there was no abuse of discretion in denying a motion for reconsideration on the basis of a new legal theory where the theory was raised for the first time in the motion for reconsideration). We perceive no abuse of the district court's discretion in denying Plaintiff's motion on that basis here, particularly given Plaintiff's delay in raising the matter.

**{32}** Second, turning to Plaintiff's substantive argument, Plaintiff has not demonstrated that the judgment he obtained is actually more favorable than Defendant's Rule 1-068 offer. Plaintiff takes the simple position his attorney fees are damages, and his "damage award" of $45,166.67 exceeds the $20,000 Rule 1-068 offer made by Defendant. However, even assuming without deciding that attorney fees should be characterized as a type of damage, that characterization does not resolve the Rule 1-068 issue in this case.

**{33}** We cannot conclude that Plaintiff obtained a judgment more favorable than Defendant's Rule 1-068 offers without considering the language of the offers themselves. *See Dunleavy v. Miller*, 1993-NMSC-059, ¶¶ 31-33, 116 N.M. 353, 862 P.2d 1212 (concluding that the language of the offer determined whether preoffer costs should have been added to the damage award to determine the amount of the judgment finally obtained). In *Dunleavy*, for example, the defendant made a Rule 1-068 offer in the amount of $70,000, "costs inclusive." *Dunleavy*, 1993-NMSC-059, ¶ 7 (internal quotation marks omitted). The plaintiff obtained a jury verdict of $69,363.15. *Id.* ¶ 31. The *Dunleavy* court held that the plaintiff's "preoffer costs should have been added to her damage award to determine the amount of 'the judgment finally obtained'" because the offer included all costs accrued up until the date of the offer. *Id.* ¶ 33. The Court contrasted the defendant's offer with one that specified a sum of money "with costs then accrued," noting "[i]n that situation, the trial court would have been correct in comparing the amount offered . . . with the amount of the verdict . . . because, by the express terms of the offer, [the plaintiff]'s costs would have been added to the amount of the offer, rather than (as was the case here) included in that amount." *Id.* ¶ 35 (emphasis and internal quotation marks omitted). In sum, the language of the offer is material when comparing a Rule 1-068 offer to the judgment finally obtained.

**{34}** Plaintiff has not provided any analysis based on the specific language of the offers. *See Dickenson v. Regent of Albuquerque, Ltd.*, 1991-NMCA-071, ¶¶ 4-6, 112

N.M. 362, 815 P.2d 658 (holding that the defendant was entitled to recover costs from the date of the first offer because the plaintiff did not beat either offer). Defendant's first Rule 1-068 offer was for $10,001 "sum certain." Defendant's second Rule 1-068 offer was for $20,000 "sum certain, inclusive of all costs *and fees.*" (Emphasis added.) On appeal, Plaintiff does not address the first Rule 1-068 offer at all, and it appears in light of *Dunleavy* that Plaintiff did not beat that offer. Plaintiff's analysis consists of a single sentence saying only that the final attorney fee award was greater than the second offer. However, because the second offer expressly included "fees," the relevant analysis would seemingly compare only the fees accrued up to the date of the offer. Consequently, we reject Plaintiff's contention that his judgment is more favorable than the second offer simply because the final attorney fee award (which included time through trial and some post-trial work) was greater than $20,000. Having offered no further argument on this point, Plaintiff has not met his burden on appeal to demonstrate error on the part of the district court.

**{35}**    For both of these reasons, we conclude that the district court did not abuse its discretion in denying Plaintiff's motion to reconsider.

### V.    Plaintiff's Remaining Arguments Regarding Rule 1-068

**{36}**    Finally, Plaintiff claims that the district court erred in holding him in contempt for failure to pay Defendant's costs under Rule 1-068. The district court never held Plaintiff in contempt, and Plaintiff ultimately paid the cost assessment. As such, Plaintiff has not demonstrated any error on the part of the district court requiring reversal.

### CONCLUSION

**{37}**    For the foregoing reasons, we reverse in part and remand to the district court for a determination of Plaintiff's reasonable appellate attorney fees. We affirm in part the court's rulings on the remaining issues raised in this appeal.

**{38}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**